LEONARD CURTIS vs. SARAH M. L. GILL AND ANOTHER.

The act of 1866 provides that whenever a judgment rendered by a justice of the peace shall exceed five dollars, an appeal shall be allowed. Held, that the word "judgment" as here used was intended to embrace the damages only, and not the costs.

Therefore where to an appeal a plea in abatement was filed, which alleged that the judgment was for one dollar and costs of suit, it was held that it was not defective in not averring that the judgment did not exceed five dollars.

Whether an oral motion to dismiss the appeal, as all the facts appeared upon the record, would not have been sufficient :—Quære.

This statute by implication repeals the pre-existing statute which allowed appeals in all cases.

The act is not unconstitutional as infringing the right of trial by jury.

Such reasonable conditions and regulations as are demanded by the public good and have for their object the promotion of the cause of justice and the general convenience, do not amount to an infringement of the right of trial by jury within the meaning of the constitution.

The provision of the act which requires the plaintiff or his attorney to make oath, on moving for a jury before a justice of the peace, that he verily expects to recover a sum not less than five dollars, is not unreasonable.

Nor the change by which the amount recovered before the justice determines the right of appeal, instead of the amount demanded in the writ, as was the law when the constitution was adopted.

The constitution does not require that the title to land should be tried by a jury.

The history of legislation in this state as to appeals from justices and jury trials reviewed.

A notice under the general issue does not put in issue the matters alleged in it.

TRESPASS *quare clausum fregit*, brought before a justice of the peace in New Haven county, the writ demanding fifty dollars damages. The defendants pleaded the general issue, with notice that they should claim and prove a right of way over the land in question, and that the acts claimed to be a trespass were done in the reasonable exercise of the right. The justice rendered judgment for one dollar damages and $13.13 costs, and the defendants appealed to the superior court. In the superior court the appellee filed the following plea in abatement of the appeal.

" And now the appellee comes into court here and says that the court ought not to take further cognizance of or sustain the appeal aforesaid, because he says that the judgment recovered before said justice of the peace, as set forth in said

Curtis *v.* Gill.

record, was for the sum of one dollar damages and costs of suit, and that said original action was within the final jurisdiction of said justice, and that no appeal could be taken and allowed from said judgment, and that this court has no jurisdiction over said appeal. And all this he is ready to verify. Wherefore he prays judgment that said appeal may abate and be dismissed."*

To this plea the appellants demurred, and the questions arising on the pleadings were reserved by the superior court for the advice of this court.

*Baldwin,* in support of the demurrer.

1. The plea in abatement is formally defective for want of an allegation that the judgment appealed from did not exceed five dollars. And this defect is reached by a general demurrer. Gould Pl., ch. 9, part 1, § 12.

2. But had this averment been made, the record shows that it would not have been true, since the judgment rendered was in fact for $14.13. The costs of the suit are as much a part of the judgment as are the damages. *Waterman* v. *Curtis,* 30 Conn., 135, 138. Had the judgment been that the defendants recover their costs, and these had exceeded five dollars, could not the plaintiff have appealed ? If the legislalature intended to limit the right of appeal to cases where the damages awarded by the judgment exceeded five dollars, they would have said so. The amount of the judgment, the sum at stake, not its constituent parts, was to be made the measure of the right to litigate it further.

---

* The act of 1866 provides that all causes in which the matter in demand does not exceed fifty dollars shall be heard and determined by a justice of the peace, except where a jury is moved for; but that where the matter in demand shall exceed five dollars, either party may move for a jury, provided (among other things) that the plaintiff shall not be allowed a jury unless he or his attorney shall make oath that he verily expects to recover not less than five dollars; that a jury of six electors shall be thereupon summoned, and that no appeal shall be had from their verdict if it be less than thirty-five dollars; and no appeal from any judgment rendered by a justice of the peace without a jury where the judgment does not exceed five dollars, except in summary process for recovering possession of leased premises.

Curtis *v.* Gill.

3. But the act of 1866 does not repeal the general law allowing appeals from all judgments rendered by a justice of the peace otherwise than upon the verdict of a jury. Such a repeal can be claimed only by implication, and here the implication is not a necessary one. Implied repeals are not favored in law, and must be made out with the utmost clearness, particularly where they go to take away the jurisdiction of the superior courts. 1 Black. Comm., 90 ; Bac. Abr. *Statute* D., 18, 19 ; *Shipman* v. *Henbest,* 4 T. R., 116 ; *Goodman* v. *Jewett,* 24 Conn., 588. But in respect to these appeals the old law and the new stand well together. The repeal can cover only so much as is clearly inconsistent with the new statute ; but it is not inconsistent with a law providing that you can appeal from a judgment exceeding five dollars, that you can also appeal from one of less than five dollars. *Crittenden* v. *Wilson,* 5 Cow., 165, 168; *Jackson* v. *Bradt,* 2 Caines, 169. The construction contended for by the appellee is inadmissible also because it would contravene the uniform policy of our law from its earliest period, in giving the right to bring before a jury of the county all cases in which the title to land is determined. In cases of trespass *qu. cl. fr.* to which title is pleaded, nominal damages only are commonly awarded if the plaintiff recovers ; but the right of appeal from the judgment of a justice upon such a point is one long allowed, often exercised, and not to be taken away by anything less than a conclusive implication. See Statutes, Ed. of 1808, p. 35; Comp. of 1854, p. 74, § 5 ; *Goodman* v. *Jewett,* supra.

4. If however this act rightly construed does assume in this particular to repeal the former law, it is submitted that in so far as this could affect the case at bar at least it is unconstitutional. When the constitution was adopted the law gave an appeal to the county court from the judgment of a justice of the peace in all cases, with an immaterial exception, " where the sum demanded shall exceed the sum of seven dollars." The jurisdiction of a justice also did not include any cases wherein the title to land was concerned, nor wherein the debt, trespass, damage, or other matter in demand exceeded

thirty-five dollars.   Statutes, Revision of 1808, pp. 34, 35 ;
Revision of 1821, p. 41.   In the case at bar the sum demanded
in the declaration, which is the measure of jurisdiction, is fifty
dollars.   *Newtown* v. *Danbury*, 3 Conn., 558.   Had we then
the right of trial by jury under the act of 1866, within the
meaning of the guaranty in our bill of rights ?   Constitution,
Art. I, § 21.   That right was absolute to a jury of twelve
freeholders of the county, presided over by a judge appointed
by the General Assembly and of a permanent judicial charac-
ter.   This substitute is a qualified right to a jury of six elect-
ors of the town, only obtainable by the plaintiff upon first mak-
ing oath that he verily expects to recover by the suit a sum
not less than five dollars.   He has therefore no right to a
jury, if, as here, he wishes to determine a question of a right of
way and expects to recover only nominal damages ; nor if he
wishes to test a disputed claim for $50, without having per-
fect confidence in the result.   This is not a qualification of
the right of trial by jury, necessary, impartial and universal
in its application, but a denial of the right to one party in
many cases, and this too when the other, the defendant upon
whom no such oath is imposed, could claim it.   Nor is a jury
of six selected in the manner prescribed, all of the town, and
presided over by a justice of the peace elected by the same
town, the jury of the constitution.   Such a jury may be sus-
tainable under the statute of summary process, where the
title to land cannot come in question, and the cause of action
arises in the town ; or under a city charter guarded by simi-
lar limitations, and ante-dating the constitution, but not for
the trial of causes of action of every description, arising per-
haps in distant states and under different laws.   It would be
a serious inroad upon the rights of the citizen were one of
our ship-masters, for instance, liable to be sued by one of his
crew for an assault and battery occurring upon the voyage,
or upon some nice point of commercial law, and have his
cause finally determined by seven of the plaintiff's neighbors,
with no right to appeal to a more impartial and better inform-
ed tribunal.   3 Black. Comm., 356 ; Hale's Hist. Com. Law,
ch. 12, pp. 249, 251, 252, 256, 258 ; *Cruger* v. *Hudson River*

*R. R. Co.*, 2 Kern., 198, 200 ; *Wynehamer* v. *The People*, 3 id., 378, 427, 458, 487.

*Bronson*, contra.

CARPENTER, J.  1. The appellant objects that the appellee's plea in abatement is formally defective, inasmuch as it does not allege in express terms that the judgment rendered by the justice did not exceed five dollars.  Without stopping to inquire whether a motion *ore tenus* would not have been sufficient as all the facts appear of record, we are of the opinion that the plea is sufficient.  It expressly alleges that the judgment appealed from "was for the sum of one dollar damages and costs of suit."  If therefore the term judgment, as used in this statute, does not include costs, the court can have no difficulty in understanding from the plea that the judgment did not exceed five dollars.

2. The statute of 1866 provides that whenever any judgment rendered by a justice of the peace, otherwise than upon the verdict of a jury, shall exceed five dollars, an appeal shall be allowed.  The appellant claims that the legislature intended by the word "judgment" to embrace the costs as well as the debt or damages, and to allow an appeal in all cases where the damages and costs together amount to more than five dollars.  If this construction is to prevail the obvious intention of the legislature will be defeated.  The object evidently was to keep from the docket of the superior court a large number of small causes.  They manifestly intended that some cases at least should be affected by this act, and that some relief should be given to suitors before the superior court in matters of more importance.  But if we adopt the construction contended for, we shall practically nullify this part of the act and defeat its object, as very few if any contested cases can be found in which the costs alone will not exceed the sum of five dollars.  We are therefore constrained to limit the word "judgment," as used in this statute, to the debt or damages.

3. The appellant further contends that this statute simply

allows an appeal when the judgment exceeds five dollars, but does not even by implication repeal the old law, which allows an appeal in all cases when the judgment is less than that sum. We think otherwise. The remarks already made upon this statute have an important bearing upon this question also. We will only add that we cannot sanction this claim without imputing to the legislature the folly of enacting a statute without purpose, and which leaves the law precisely as it stood before ; for it is impossible to give any meaning to this clause unless we hold that the right of appeal in such cases is denied. As it is clearly our duty to give it some effect, we do not hesitate to do it in accordance with the manifest intention of the legislature, which was that no appeal should be allowed in that class of cases not embraced in the act.

4. The only remaining question is, whether the act under consideration is an infringement of the right of trial by jury. This right remains inviolate unless it is taken away or subjected to such unreasonable and burdensome regulations as amount to a virtual prohibition. Hence it follows that such reasonable conditions and regulations as are demanded by the public good, and have for their object the promotion of the cause of justice and the general convenience, do not amount to an infringement. *Beers* v. *Beers*, 4 Conn., 535 ; *Colt* v. *Eves*, 12 Conn., 243. Waiving the question whether the defendant has any reason to complain of a burden or condition imposed upon the plaintiff, and of which he makes no complaint, we are of the opinion that that provision in the law which requires the plaintiff or his attorney to make oath that he verily expects to recover a sum not less than five dollars, is not in itself unreasonable, and therefore is no infringement of the constitution, much less does it vitiate the whole act.

Prior to and at the time of the adoption of the constitution there was no provision by law for jury trials before justices of the peace ; nor was an appeal allowed in cases where the matter in demand did not exceed seven dollars ; and such continued to be the law without its validity being questioned until 1853, when the right of appeal was extended to

all cases. So stood the law in 1866. A brief reference to the history of legislation on this subject may not be out of place here. In 1644 it was enacted that actions under forty shillings should be tried by a court of magistrates without the intervention of a jury. In 1669 jurisdiction of these cases was transferred to an assistant or a commissioner, with the selectmen of the town, the aggrieved party having liberty of review to the next county court; and in 1702 it was vested in an assistant or justice of the peace. In 1717 no appeal was allowed under ten shillings; in 1724 the limit was extended to twenty shillings; and in 1736, if debt was due by bond, &c., and did not exceed forty shillings, no appeal was allowed. In 1767 the jurisdiction of a single magistrate was raised to five pounds, and two years later the right of appeal in such cases was taken away. In the revision of 1784 the jurisdiction of an assistant or justice of the peace in ordinary cases was fixed at four pounds, and in suits on bonds, &c., at ten pounds with no right of appeal under forty shillings. In 1795 the final jurisdiction of a justice of the peace was fixed at seven dollars, where it remained until 1853, as above stated. In the light of this history it will hardly be contended that it was the intention of the framers of the constitution to limit the powers of the legislature in fixing the jurisdiction of justice courts to any particular sum. On the other hand it is fair to presume that they supposed that the legislature would in the future, as in the past, change that jurisdiction from time to time as occasion might require. So long as the legislature keeps substantially within the limits prescribed to itself by long usage, taking into consideration the relative depreciation in the value of money and the altered condition of the business interests of the state, we have no disposition to interfere by way of judicial veto.

In the act under consideration five dollars is the limit, instead of seven. It is true, under the old law the sum demanded in the declaration was the test of jurisdiction, while under the present, it is the sum found due by the court. The principle however is the same and substantially the same class of cases is affected by both laws. The present law then,

in denying a trial by jury in this class of cases, by refusing an appeal or otherwise, is not unconstitutional.

It was suggested in the argument that this law prohibited parties in certain cases from trying title to a right of way to a jury, and that a right of way is involved in the present case. The defendant gives notice that she will offer evidence to prove under the general issue that she had a right of way over the *locus in quo*. But a notice puts nothing in issue. It is not our practice in pleading to make any answer to it, and it would not be considered lawyer-like to do so. The party giving it may or may not offer evidence in support of it. Whether he does or not does not ordinarily appear of record. Hence a verdict or judgment never concludes the parties in respect to matters therein alleged.

But aside from this, at the time of the adoption of the constitution there was no law in existence giving to parties a right to jury trials in cases of this description, when the sum demanded did not exceed seven dollars. The first law on that subject was passed in 1826, and that law could hardly have the effect to bring within the scope of the constitution matters not before within it. It is doubtless desirable that parties should have a right to have a jury pass upon all questions of this character, but as the constitution fails to secure this right it rests with the legislature to supply the remedy.

We therefore advise judgment for the appellee.

In this opinion the other judges concurred.