In this action for summary process for nonpayment of rent, the plaintiff, Evergreen Corporation (Evergreen), sought to regain possession of the apartment which the defendant occupied at 9 Evergreen Avenue, Hartford. The notice to quit possession and the complaint, claiming nonpayment of rent, were served on the defendant. The defendant claims that he was justified in not paying rent because of certain alleged leaks and because of peeling paint in his apartment. The trial court found for the plaintiff and the defendant has appealed from the judgment rendered for the plaintiff. The defendant claims that the trial court committed *Page 550 
five principal errors, namely, (1) in hearing the case, because it lacked jurisdiction to decide the issue since the form of the notice to quit possession did not comport with General Statutes 47a-23; (2) in finding that Evergreen was the owner of the property located at 9 Evergreen Avenue; (3) in concluding that the defendant was not justified in withholding rent; (4) in wrongfully depriving the defendant of the opportunity to raise the defense of illegality of contract; and (5) in denying the defendant's motion for a trial by jury.
The defendant has assigned numerous other errors, many of which are merged into the five principal issues briefed, and several of which are not briefed and are, therefore, considered abandoned. State v. Brown, 163 Conn. 52, 55.
The defendant's first principal issue on appeal is that the court did not have jurisdiction to hear this case because the form of the notice to quit possession did not comply with the requirements of General Statutes 47a-23. The defendant claims that the notice to quit is a prerequisite to the bringing of an action for summary process, and that, since this notice was defective, it was void and the court therefore did not have jurisdiction to hear the summary process action. The defendant challenged this defect in jurisdiction by a motion to erase which was denied by the court.
The defect claimed by the defendant is that the notice was not properly signed. The notice was signed "by John Haymond, Attorney." Haymond is the attorney for Evergreen. General Statutes 47a-23
states that if "the owner or lessor, or his legal representatives, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy . . . he or they shall give notice to the lessee or occupant to quit Possession . . . ." There is no *Page 551 
reason why a notice to quit may not be signed by a duly authorized attorney. Webb v. Ambler,125 Conn. 543, 553. Haymond had been in regular contact with the defendant regarding problems with the tenancy in issue. The defendant knew that Haymond was the legal representative and attorney at law for Evergreen for some time. On the basis of our inspection, we agree with the trial court that the notice to quit possession was substantially in the form provided by statute and was signed by a party authorized by statute to do so.
The next error the defendant claims is that there was no evidence produced at trial that Evergreen owned the apartment building located at 9 Evergreen Avenue, and that, therefore, Evergreen was not a proper party under General Statutes 47a-23 to bring this summary process action. This issue lacks merit. The record contains uncontroverted testimony to support a conclusion that Evergreen had in fact owned the building in question for forty years.
The defendant next claims that the trial court erred in concluding that the defendant was not justified in withholding his rent since the facts set forth in the finding do not support that conclusion. The defendant's answer to the plaintiff's complaint included two special defenses to the summary process action for failure to pay rent. Those special defenses alleged that the plaintiff had failed to maintain the premises in a manner conforming to the Hartford housing code, that the plaintiff had failed to maintain the apartment facilities in food and safe working order in violation of General Statutes 47a-7 (a) (1) and (2), and that the plaintiff was therefore barred from collecting rent by General Statutes47a-4 (c). The plaintiff's demurrer to these special defenses was overruled. *Page 552 
The defendant's assignments of error and brief claim error in the court's conclusion that the defendant failed to prove by a preponderance of the evidence that the conditions complained of justified the withholding of the rent. The defendant claims the conclusion is not supported by the facts found in the finding. In the finding the subordinate facts were adequately keyed to the evidence presented and the conclusion was based upon the subordinate facts found. Therefore, our inquiry is limited to determining whether the subordinate facts found support this conclusion. Norwalk v. Trombetta, 137 Conn. 318, 319. The trial court's conclusion must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of an erroneous rule of law which is material to the case. Brauer v. Freccia, 159 Conn. 289, 293. The trial court found that the defendant never complained to the Hartford housing authority, to the building code inspector, to the fire department, or to the department of health as to the conditions in the apartment which he claimed absolved him, under General Statutes 47a-4, from the obligation to pay rent. The court found that no official notice or action was ever brought to Evergreen's attention regarding the alleged conditions. It appears that the defendant has unilaterally declared these violations. There was no motion made to correct the findings. The court concluded from these findings that the defendant had not met his burden of proving the conditions under General Statutes 47a-7 (a)(1) and (2) which would justify the withholding of rent under General Statutes 47a-4 (c). We cannot say that this conclusion violates logic or law. The conclusion requires more of a tenant than a unilateral, self-serving declaration that conditions violate municipal codes. The court's conclusion requires a tenant to utilize the broad range of municipal boards, agencies, and *Page 553 
commissions. The conclusion of the trial court on this matter correctly applies sound legal principles and is a logical deduction from uncontroverted facts found, and must stand. Hutensky v. Avon,163 Conn. 433, 437.
The defendant also claims that he was wrongfully deprived of the opportunity to raise the defense of illegality of contract in this summary process action. He contends that the month-to-month tenancy agreement between himself and the plaintiff was illegal and void as against public policy because it was discriminatory and in violation of General Statutes 53-35. He claims that the court could not give the plaintiff relief for any violations of this illegal contract. He assigns error in the trial court's refusal to allow him to raise the issue through direct evidence or through cross-examination of the plaintiff's witness.
These assignments of error are logically and legally without merit. It has always been the policy of the law to limit issues in summary process actions within the express scope of the statutory provisions. Webb v. Ambler, 125 Conn. 543,550. The express scope of the statutory provisions; General Statutes 47a-26; makes no provision for the issue which the defendant tried to raise, and it was therefore proper for this issue to be excluded from consideration in summary process by the court below. The necessary and only basis of a summary process proceeding is that the lease has terminated. Webb v. Ambler, supra, 550; Davidson v. Poli, 102 Conn. 692, 695. Issues in summary process have their place in the case only as they bear upon the issue of whether or not the lease was terminated. Webb v. Ambler, Supra. In this case, where the lease is claimed to have been terminated for the failure to pay rent in a timely fashion, the only issues that *Page 554 
have their place are those bearing upon the issue of whether the lease has been terminated for that reason. Ibid. Also, as a practical matter, the defendant's claim of discrimination is based on the alleged discriminatory treatment at the hands of the plaintiff, and is not based on the terms or existence of this parol lease. For this reason we question whether the defendant really means that the lease is illegal or that the treatment received by him from his landlord is the basis of the alleged illegality. It appears from the record that the latter is true. In that event, this issue would more appropriately be the subject of a different type of action and is totally inappropriate in a summary process action. It would also seem that by pressing this issue the defendant is weakening his cause in that if the lease is truly illegal and void then there would be no lease and there would be an additional basis on which to bring this summary process action.
The defendant's final claim of error on appeal is that he was improperly deprived of the right to a jury trial in this summary process action. Although General Statutes 52-215 terminates the right to jury trials in all summary process actions we limit our consideration of the constitutional question to the facts of this case which involve only a month-to-month tenancy. As applied to such tenancies we cannot hold that the legislature was without power to restrict the right. Article first 19 of the constitution of Connecticut provides that "[t]he right of trial by jury shall remain inviolate." This does not mean that it may not be subjected to reasonable conditions and regulations; Curtis v. Gill,34 Conn. 49, 54; see Miller Co. v. Lampson,66 Conn. 432, 438; even if in some cases, where the monetary interests are relatively small, such regulations and conditions operate to cut off the right completely. Guile v. Brown,38 Conn. 237, 242. In establishing such *Page 555 
conditions and regulations the legislature is free to use the character of the tenancy as a benchmark rather than its monetary value so long as there is a rational basis for such procedure. Section 52-215 cuts off the right to jury trial not only in summary process but also in all cases where the amount, legal interest or property in demand does not exceed $250. It is of interest that the monthly rent in this case was $185. The defendant gains nothing from his constitutional claim.
 There is no error.
A. HEALEY, PARSKEY and A. ARMENTANO, JS., participated in this decision.