STANLEY V. TUCKER *v.* JOSE R. LOPEZ ET AL.

SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD-
NEW BRITAIN AT HARTFORD

HOUSING SESSION
FILE NO. SC-H-3198-HD

Memorandum filed October 6, 1982

*Stanley V. Tucker,* pro se, the plaintiff.

*David A. Pels,* for the defendants.

MALONEY J. The defendant tenants in this small claims action to collect rent allegedly due and unpaid assert as a special defense that they were excused from the obligation to pay rent because at all times during the period in question the landlord had failed to comply with the state fire code so as materially to affect the defendants' safety.

Section 11-1.8.1 of the Connecticut Fire Safety Code requires that smoke detectors be installed in every apartment dwelling unit. The requirement became effective September 1, 1981. During the period for which the plaintiff landlord is claiming rent, January to June, 1982, no smoke detectors were installed in the defendants' apartment dwelling units.

Subsection (a) of General Statutes § 47a-7 provides, in part, as follows: "(a) A landlord shall: (1) Comply with the requirements of . . . all applicable building and housing codes materially affecting health and safety . . . ." Subsection (b) of the same section provides, in part, as follows: "(b) If any provision of any . . . fire code requires a greater duty of the landlord than is imposed under subsection (a) of this section, then such provision of such . . . code shall take precedence . . . ." General Statutes § 47a-4a provides in its entirety as follows: "EFFECT OF FAILURE TO COMPLY WITH SECTION 47a-7. A rental agreement shall not permit the receipt of rent for any period during which the landlord has failed to comply with subsection (a) of section 47a-7."

We interpret these provisions of the statutes as relieving a tenant of the obligation to pay rent for any period during which his landlord has failed to comply with a provision of the state fire code that materially affects his safety. The clear purpose of subsection (b) of § 47a-7 is to augment the requirements of subsection (a). Section 47a-4a, therefore, must be interpreted as including any requirements which subsection (b) of § 47a-7 adds to subsection (a).

The only question remaining is whether the absence of smoke detectors constitutes a material risk to the safety of the defendant tenant. At the trial, the deputy fire marshall for the city of Hartford, a member of the Hartford fire department for thirty years, testified on behalf of the defendants. He testified that the major cause of death in residential fires is smoke inhalation. He stated that smoke detectors provide an effective early warning system of the presence of smoke. Although the defendants introduced some evidence which tended to show that detectors are unreliable under some circumstances and require careful maintenance, we are persuaded that in general they are important and effective devices that contribute significantly to safety. Accordingly, we find that the failure to install them in violation of the state fire code poses a material safety hazard to those persons occupying the affected dwelling units. Pursuant to the above cited statutes, therefore, the defendants were not obligated to pay rent during the period when smoke detectors were not installed.

Judgment may enter for the defendants.