JACOB KREDI ET AL. *v.* JOAN BENSON ET AL.
(2061)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued January 12—decision released April 10, 1984

*Diane Polan,* for the appellants (defendants).

*Alvin Murray,* for the appellees (plaintiffs).

HULL, J. This case concerns a summary process action brought on the ground of nonpayment of rent to recover possession of premises rented to the defendants on a month to month basis. The defendants appeal[1] from the judgment for the plaintiffs allowing them to recover possession of the premises, claiming that the court abused its discretion by permitting an amendment to the complaint and that they were constitutionally entitled to a jury trial.

The defendants resided for three years in an apartment owned by the plaintiffs. The tenancy was based

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

upon an oral month to month leasing agreement. On August 24, 1982, the plaintiffs filed a two count complaint alleging nonpayment of rent and termination of the lease by lapse of time. The original complaint alleged that the rent was $179 per month. After the court granted the defendants' motion to strike the second count, the defendants filed their answer and special defenses in which they admitted that the rent was $179 per month. The defendants, in a special defense, denied that they had failed to pay the rent and claimed that they had in fact tendered payment for the August rent in the amount of $179.

The court denied the defendants' motion for a jury trial. At the beginning of the trial in November, 1982, the plaintiffs' counsel orally moved to amend the complaint so as to allege that the rent due was $220 by virtue of an oral agreement between the parties to increase the rent. The court reserved decision on whether to allow the amendment after hearing the defendants' objection. After a trial on the merits, the court granted the motion to amend and rendered judgment for the plaintiffs. The court found that the defendant Bixford Martin, acting on behalf of all three of the defendants, orally agreed to a $41 per month increase in the rent. The court concluded, therefore, that the rent due for August, 1982, was $220 and that the defendants had not paid that amount.

I

The defendants claim that the trial court abused its discretion by permitting the plaintiffs to amend their complaint pursuant to Practice Book § 178 after the commencement of trial. The defendants state that under the original complaint, the issue at trial would merely have been whether or not the $179 rent due in August, 1982, had been paid to the plaintiffs. By reserving judgment on whether to allow the plaintiffs'

amended complaint, the issue not only involved whether or not the $179 had been paid, but also concerned the issue of whether the rent was $179 or $220. The defendants conceded that they owed $179 and claim they tendered this amount. The plaintiffs did not deny that this amount had been tendered to them.

The defendants claim that they were prejudiced by the court's decision to allow the amendment because, as they state in their brief, "the defendants would have won the trial were it not for the trial court's post-trial decision to allow plaintiff's amendment." The defendants claim that there was an abuse of discretion because the court, by allowing the amendment, permitted the plaintiffs' counsel to correct his own negligence and allowed the basic facts upon which the legal claim was based to be altered, all resulting in prejudice to the defendants.

Amendments under § 178 of the Practice Book may be permitted to correct a material variance between the allegation and the proof. After reserving judgment and giving full consideration to the fairness of its decision, the court allowed the amendment.

It is axiomatic that courts have broad discretion in allowing amendments to pleadings. *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979); *Sellner* v. *Beechwood Construction Co.,* 176 Conn. 432, 438, 407 A.2d 1026 (1979). A ruling on an amendment will be reversed only upon a clear showing of an abuse of discretion. *Saphir* v. *Neustadt,* supra; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 597, 136 A.2d 338 (1957). We find no abuse of discretion on the part of the trial court in allowing the amendment in this case. The basic facts were that the defendants leased an apartment from the plaintiffs, rent was due and the court found that it was not paid. Proof of the existence of a lease would be prerequisite to a determination that rent was due

whether the agreement was for $179 or $220 per month. Proof of the existence of a lease agreement would have, according to the trial court's findings, established an agreement to pay $220 in rent per month beginning in August, 1982. The defendants, therefore, were not prejudiced by the amendment. The court did not abuse its discretion in allowing the amendment so that the allegations would conform to the proof.

## II

The defendants further claim that the trial court erred in denying their motion to enter the case on the jury docket. The defendants assert that they have a constitutional right to a trial by jury in a summary process action[2] for nonpayment of rent and that General Statutes § 52-215 is unconstitutional to the extent that it prohibits jury trials in such actions.

The defendants base their claim on article first, § 19 of the Connecticut constitution which states that "[t]he right of trial by jury shall remain inviolate." It is clear that as to causes triable to a jury prior to the constitution of 1818, and extant at the time of its adoption, the right to a jury trial may not be abolished. *Gentile* v. *Altermatt,* 169 Conn. 267, 298, 363 A.2d 1 (1975); see *Robertson* v. *Apuzzo,* 170 Conn. 367, 381, 365 A.2d 824 (1976); *Swanson* v. *Boschen,* 143 Conn. 159, 162, 120 A.2d 546 (1956).

The gist of the defendants' analysis is that because the summary process statute in effect in 1818 did not apply to nonpayment of rent actions, because ejectment was the remedy available for nonpayment of rent, and

---

[2] A summary proceeding is defined as "[a]ny proceeding by which a controversy is settled, case disposed of, or trial conducted, in a prompt and simple manner, *without the aid of a jury,* without presentment or indictment, or in other respects out of the regular course of the common law." (Emphasis added.) *Black's Law Dictionary* (5th ed.).

because ejectment was triable to a jury in 1818, a summary process action for nonpayment of rent, therefore, is now triable to a jury.

The pertinence of the defendants' analysis is not lost upon this court. Courts of appeal must, when presented with a constitutional challenge to a validly enacted statute, construe the statute, if possible, to comport with the constitution's requirements. *Rules Committee of the Superior Court* v. *FOIC*, 192 Conn. 234, 240, 472 A.2d 9 (1984). In considering the constitutional issue, however, we limit our focus to the facts in this case as they pertain to an action for nonpayment of rent under a month to month lease. In a case decided by the Appellate Session of the Superior Court, involving this same issue in the context of a month to month lease as is here involved, a unanimous court (*Healey, Parskey* and *Armentano,* Js.) concluded that while article first, § 19 of the Connecticut constitution provides that "the right of trial by jury shall remain inviolate," this did not mean that such a right could not be subjected to reasonable conditions and regulations. *Evergreen Corporation* v. *Brown,* 35 Conn. Sup. 549, 554, 396 A.2d 146 (1978). The court further stated that "in some cases, where the monetary interests are relatively small, such regulations and conditions operate to cut off the right completely. *Guile* v. *Brown,* 38 Conn. 237, 242 [1871]. In establishing such conditions and regulations the legislature is free to use the character of the tenancy as a benchmark rather than its monetary value so long as there is a rational basis for such procedure." Id., 554–55.

The *Evergreen* court concluded that the nature of the tenancy and proceedings served to preclude a jury trial in that case under General Statutes § 52-215. In so finding, the court necessarily found a rational basis for the conditions and regulations set forth in § 52-215.[3]

---

[3] General Statutes § 52-215 provides in part: "there shall be no right to trial by jury in civil actions in which the amount, legal interest or property

"We ought not, except in a strong case and for weighty reasons, to say that the legislature has exceeded its powers. This court has repeatedly held that certain reasonable rules, regulations and conditions, governing the course of proceedings in jury trials, although operating under certain circumstances to cut off the right, were not infringements of the right. In those cases the reasonableness of the act in question seems to have been an important and material inquiry." *Guile* v. *Brown,* supra; see *Swanson* v. *Boschen,* 143 Conn. 159, 164, 120 A.2d 546 (1956); *Miller & Co.* v. *Lampson,* 66 Conn. 432, 435, 34 A.79 (1895); *Curtis* v. *Gill,* 34 Conn. 49, 54 (1867); *Mac-Aire Aviation Corporation* v. *Corporate Air, Inc.,* 6 Conn. Cir. Ct. 238, 246-49, 270 A.2d 849 (1970).

We concur with the reasoning of the line of cases culminating in the *Evergreen* decision and conclude that the purpose and intent behind the statute are reasonable.

There is no error.

In this opinion the other judges concurred.

---

in-demand does not exceed two hundred fifty dollars or in a summary process case." It should be noted that since the $220 rent in demand in this action does not exceed the $250 limit within the statute, the defendants could have been precluded pursuant to the statute, from a trial by jury on this basis alone regardless of the summary nature of the proceedings. See *Evergreen Corporation* v. *Brown,* 35 Conn. Sup. 549, 555, 396 A.2d 146 (1978), wherein the court, after noting that the claim was for $185 for rent due, stated that in any event, therefore, "[t]he defendant gains nothing from his constitutional claim."