[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. CT Page 4057
INTRODUCTION
The plaintiff brought the present case returnable November 23, 1990 seeking possession of the premises for non payment of rent. On February 26, 1991 an order of use and occupancy entered to pay $675.00 per month into the registry of the court commencing March 8, 1991. Said sum was duly paid. On or about March 12, 1991, this court after argument, granted defendant's Motion to Dismiss for failure to comply with paragraph 23c of the parties' lease requiring a pretermination notice. The present issue concerns the distribution of the funds held by the court.
 II
Discussion
 A.
Recently this court had occasion to discuss the disbursement of funds, pursuant to General Statutes 47a-26, in Flanders East Apts v. Boudreau, SPH 9004-1437, November 14, 1990 (H-931). In that decision, this court reviewed those cases discussing jurisdiction to hold a disbursement hearing after a Motion to Dismiss had been granted. See MFS Associates, Inc. v. Autospa Realty Corp., 19 Conn. App. 32 (1989); Frank Smith Assoc. v. Tucker, 37 Conn. Sup. 897, 899 (1982); Groton Town House Apts v. Marder, 37 Conn. Sup. 688, 691 (1981) and Ofstein v. Galarza, SPH 8501-26855 (1985) (H-676).
 B.
At the hearing on April 2, 1991 this court heard testimony by the defendant Mamie Brathwaite, a nine year tenant, that there were a number of problems in her unit. The court received a report from the City of Hartford's housing inspector dated January 31, 1991 into evidence. The report was based on an inspection dated January 17, 1991 which contained a compliance date of February 18, 1991. Among the twelve items ranging from ceiling in disrepair/leaking, bathrooms with insufficient ventilation, and doors with improper or apparently inoperable locking devices was the note that the second floor smoke detector was inoperable. Mrs. Brathwaite testified that that there were bedrooms on the second floor. Apparently there were also bedrooms on the third floor and the smoke detector was operable on that floor. She indicated that the landlord did not attempt to repair the smoke detector until April 1, 1991 — one day before this hearing. CT Page 4058
Mrs. Brathwaite also extensively discussed problems she has had at her complex resulting from the sale and use of drugs. She bravely attempted to help rid her neighborhood of this problem. Unfortunately, she has also suffered retribution. She is, like so many other individuals, distraught by what the drug culture has done to her area. She is upset by the plaintiff's failure to provide sufficient security to help abate this problem.
 C.
General Statutes 47a-7 (a) requires a landlord to, inter alia, "comply with the requirements of . . . all applicable building and housing codes materially affecting health and safety. . . ." Subsection (b) states that "if any . . . fire code requires a greater duty of the landlord than is imposed under subsection (a). . . then such provision . . . shall take precedence over the provision requiring such lesser duty in said subsection. Section 7-6.2.9 of the Connecticut Fire Safety Code which adopts NFPA 74 2-1.1.1 requires a smoke detector to be installed outside each sleeping area. As indicated, no detector was operable in the second floor for almost a 2 1/2 month period including that for March 1990. In Tucker v. Lopez,38 Conn. Sup. 67, (1982), Judge Maloney found that the absence of a smoke detector constituted a material safety hazard and that pursuant to General Statutes 47a-4a, no rent was due.[1]
See also, Jay v. Mullaney, Aronson, J., April 27, 1984 (H-546); Wood v. Scata, Aronson, J., July 29, 1983 (H-434).
 D.
In the present case, the compensation for the defendant's use of the apartment is not designated rent but rather use and occupancy. Thus, the provisions of Section47a-4a do not directly apply. Nevertheless, this court is persuaded that the reasoning of that statute applies here as well. As noted by Judge Maloney in commenting on the testimony of the deputy fire marshall, "the major cause of death in residential fires is smoke inhalation" Id., 69. An operable detector is obviously an easy and inexpensive method to detect the presence of smoke. In addition to General Statutes47a-7(b), as previously mentioned, the legislature's concern is also emphasized by the prohibition of the issuance of a certificate of occupancy for a residential building with two or more families unless the building is equipped with smoke detection in compliance with the fire safety code, General Statutes 29-292 (b); State v. White, 204 Conn. 410 (1987).
Connecticut courts have held that where the legislature has recognized and addressed a harm through the enactment of CT Page 4059 legislation, that in the context of extraordinary relief, the complainant is relieved of his burden of proving irreparable harm because "the enactment of the statute by implication assumes that . . . the injury was irreparable, that is, the legislation was needed or else it would not have been enacted." Conservation Commission v. Price, 193 Conn. 414, 429 (1984) citing Crabtree v. Van Hise, 39 Conn. Sup. 334 , 338 (1983). The legislature has done this with smoke detectors. "It is the court's duty to carry out the intention of the legislature as expressed in the statute it has enacted and to make the remedy it has provided an effective and efficient means of dealing with violations of the act and regulations properly promulgated under its authority." Conservation Commission v. Price, supra, 430; Water Resources Commission v. Connecticut Sand Stone Corporation, 170 Conn. 27, 34 (1975). This court does not believe that the label for the compensation changes the intention of the legislature. Indeed, in Groton Townhouse Apts v. Marder, supra, the Appellate Session found that the provisions of General Statutes 47a-5 which preclude the recovery of rent where the landlord has no certificate of occupancy also preclude the recovery of use and occupancy. The court made no distinction between whether rent or use and occupancy was to be said. The issue therein, like that in the present case, concerns the remedy that the legislature has provided for failure of the landlord to comply with a lawful obligation.
It is assumed that the legislature intends a reasonable and rational result. Masone v. Zoning Board, 148 Conn. 551 , 556 (1961). It is not reasonable or rational to allow a landlord to collect the equivalent of rent under the label use and occupancy when it could not otherwise collect that rent. As the landlord did not comply with the statutory requirements for providing a smoke detector, it is not entitled to use and occupancy. The clerk is directed to return the full sum to the defendant.
BERGER, J.