[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks possession of the residential premises at the third floor 344 Seaview Avenue, Bridgeport, Connecticut on the basis of lapse of time. The defendant has filed a number of special defenses all apparently arising out of a code violation letter issued by the City of Bridgeport to the plaintiff landlord dated August 24, 1994. The first special defense claims that the Landlord failed to comply with the applicable building and housing codes in violation of Connecticut General Statutes §47a-7. The second special defense claims that this eviction is a retaliatory action by the landlord and the maintenance of a summary process action is prohibited under Connecticut GeneralStatutes § 47a-20. The third special defense claims that the plaintiff brought this summary process action "solely because the defendant attempted to remedy, by lawful means, including contacting officials" of the City of Bridgeport regarding the housing and building code violations in accordance withConnecticut General Statutes § 47a-33. In the final special defense the defendant realleges the code violation letter of August 24, 1994 and without stating statutory citations indicates that those code violations prevent the eviction. The plaintiff in reply indicates that she seeks to recover possession of the third floor at 344 Seaview Avenue for immediate use as her own abode.
FACTS
The plaintiff is the owner of the property at 344 Seaview Avenue, Bridgeport, Connecticut consisting of a three unit residential building. The plaintiff currently resides in Stratford, Connecticut where she is a tenant in another residential unit. She testified that the landlord of the Stratford apartment wishes to have the plaintiff vacate the CT Page 4180-F property and therefore she notified the defendant of her intention to occupy the third floor unit at 344 Seaview Avenue, Bridgeport.
The defendant occupied the premises in November 1993 pursuant to a written one year lease. Upon the expiration of that lease the defendant continued to pay the rent due under the written lease of $500 and the plaintiff continued to accept that amount as rent. Rent was paid on the first day of each month. Therefore the court concludes that the tenancy is month to month since there was no other fixed definite term agreed to by the parties after the expiration of the first one year written lease.
Connecticut General Statutes § 47a-3b
In the latter part of January of 1995 the plaintiff informed the defendant that she wished to occupy the third floor unit at 344 Seaview Avenue as her residence since the Stratford, Connecticut landlord had indicated that the plaintiff must vacate those premises. Shortly thereafter the plaintiff served a Notice to Quit in compliance with Connecticut General Statutes §47a-23 requiring the defendant to vacate the premises on February 28, 1995. Since the rent was due on the month to month oral tenancy on the first day of each month, February 28, 1995 was the last day of the tenancy. That date of vacating complied with the statutory requirements for the issuance of a notice to quit.Tobacco Valley Realty Co. v. Hair-It-Is, Inc., H-855, December 31, 1987 (Goldstein, J.).
On August 24, 1994 the plaintiff received a letter from the City of Bridgeport indicating that the unit on the third floor was in violation of certain code requirements of the City. The letter stated:
"Violations: Interior third floor, 344 Seaview Avenue.
 Front bedroom — (window broken, also broken window frame and improperly fitted windows.)
Left center bedroom — (Windows improperly fitted.)
Living Room windows improperly fitted.
All windows are to be operable and weather tight or replaced. CT Page 4180-G
Inspector: Frank Memoli."
The credible evidence indicates that there were follow up inspections by the City of Bridgeport which resulted in a number of extension dates for the work to be done. The inspection report was admitted in evidence and indicated on a number of occasions either no progress or slow progress. The evidence further established that the front bedroom windows were replaced with new windows, as of December 20, 1994. Inspector Frank Memoli marked the August 24, 1994 violation letter "OK" on the line regarding the front bedroom windows. The evidence did establish that the remaining conditions had not been corrected as of the issuance of the notice to quit.
DISCUSSION OF LAW
A landlord is obligated by statute to "Comply with the requirements of chapter 3680 and all applicable building and housing codes materially affecting health and safety of both state or any political subdivision thereof." Connecticut GeneralStatutes § 47a-7(a). Numerous Housing Court decisions confirmed by various appellate courts have indicated that the code violations must relate to defects which materially affect health and safety. In order to sustain its burden of proof the tenant must show that there are substantial violations or a series of violations of the housing or health code creating an material risk or hazard to the occupant. The code violations must render the residential unit unfit and uninhabitable. Alteri v.Layton, 35 Conn. Sup. 261, 267 (1979); Evergreen Corporation v.Brown, 35 Conn. Sup. 549, 552 (1978); Housing Authority ofHartford v. Williams, 1992 Ct. Sup. 9310, H-987, October 8, 1992 (Holzberg, J.); Wooster v. Criscuolo, 1992 Ct. Sup. 3421, SNBR-375, April 15, 1992, (Leheny, J.).
"A landlord shall not maintain an action or proceeding against a tenant to recover possession of a dwelling unit, . . . within six months after: (1) The tenant has in good faith attempted to remedy by any lawful means, including contacting officials of the state or of any town, city or borough or public agency . . . (2) any municipal agency or official has filed a notice, complaint or order regarding such a violation; (3) the tenant has in good faith requested the landlord to make repairs;"Connecticut General Statutes § 47a-20. Prior cases cited above indicate that the code violations to be in violation of CT Page 4180-HConnecticut General Statutes § 47a-7(a) must be such as to render premises unfit and uninhabitable. The Appellate Court has decided that the nature of the code violations, tenant's complaints to code officials and the tenant's good faith requesting the landlord make repairs must be those type of conditions that are the equivalent to render the premises unfit and uninhabitable. Visco v. Cody, 16 Conn. App. 444, 454 (1988). "In conclusion, we hold that the protection afforded by 47a-20(3) is not invoked unless the repair requested is one which is necessary to maintain the leased premises in a fit and habitable state." Visco v. Cody, supra 454. "If we were to construe `repairs' as meaning any repair, no matter how minor, we would encourage the inequitable scenario where month to month tenancies are unilaterally transformed into six month tenancies on the basis of a request, albeit in good faith, for a replacement of a light bulb or the tightening of washer and a leaky faucet. What had then been intended as a shield for the benefit of tenants would be metamorphosed into a sword to deprive landlords of their property." Visco v. Cody, supra 453.
In the event that a landlord violates Connecticut GeneralStatutes § 47a-7 by having a code violation that renders the premises unfit and uninhabitable, the landlord is not permitted to receive "rent for any period during which the landlord has failed to comply with subsection (a) of § 47a-7."Connecticut General Statutes § 47a-4a. There is no statute and no case law that indicates the violation of ConnecticutGeneral Statutes § 47a-7 prevents the landlord from exercising its right to terminate the lease by lapse of time even though there is a code violation. The landlord's penalty for using the lapse of time reason is that there is a six month discretionary stay of execution that can be obtained by the tenant, C.G.S. § 47a-39, as well as a six month eviction prohibition. C.G.S. 47a-20. As to non payment of rent, the discretionary stay is limited to three months. ConnecticutGeneral Statutes § 47a-35
As to the defendant's claim of retaliatory eviction underConnecticut General Statutes § 47a-20, the plaintiff has claimed in her reply that she wishes to recover "possession of the dwelling for immediate use as her own abode." ConnecticutGeneral Statutes § 47a-20a(a)(2)
 CONCLUSION
CT Page 4180-I
The plaintiff has sustained her burden of proof that the month to month oral tenancy lapsed on February 28, 1995 and that the Notice to Quit was served within the statutory requirements.Connecticut General Statutes § 47a-23, Connecticut GeneralStatutes § 47a-3b. The plaintiff also sustained her burden of proof in her reply that the reason for the eviction for lapse of time is that the plaintiff wishes to obtain possession of the third floor unit at 344 Seaview Avenue, Bridgeport for own residence since she is no longer permitted to occupy her current leasehold in Stratford, Connecticut. "The landlord may maintain an action to recover possession of the dwelling unit if . . . (2) the landlord seeks in good faith to recover possession of the dwelling unit for immediate use as his own abode." ConnecticutGeneral Statutes § 47a-20a(a).
It is not necessary to make a determination in this case as to whether the code violations set forth in the August 24, 1994 letter render the premises unfit and uninhabitable. Under the facts of this case in which the landlord seeks to evict a tenant for lapse of time and code violations rendered the premises unfit, that would not be a statutory defense under ConnecticutGeneral Statutes § 47a-7(a) and Connecticut General Statutes§ 47a-4a. The court therefore finds that the defendant has failed in his burden of proof as to his first special defense.
Since the court has determined that the plaintiff is exercising good faith to recover possession of the premises for immediate use as a dwelling, the defendant cannot sustain his burden of proof on the second special defense that the summary process was retaliatory in accordance with § 47a-20.Connecticut General Statutes § 47a-20a(a)(2)
The third special defense filed by the defendant is that the action was retaliatory under Connecticut General Statutes §47a-33. The defendant has the burden of proving that the plaintiff brought such action solely because the defendant attempted to remedy by lawful means including contacting officials of the state or of any town, city, or borough or public agency. This court has already found that the plaintiff's actions were related to her seeking possession of the premises so that she could live in the premises. The defendant has failed to prove the third special defense.
The fourth special defense is recitation of the code CT Page 4180-J violations. There is no common law defense to an eviction for lapse of time by reason of a code violation whether or not that the code violation is such as to render the premises unfit and uninhabitable. For the reasons already stated, there is no statutory defense under the facts of this case in which the plaintiff alleges lapse of time and seeks the return of the possession of the premises for her own abode.
Judgment will enter for the plaintiff for immediate possession.
BY THE COURT,
KEVIN TIERNEY, JUDGE