[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
In this commercial summary process action the defendant tenant has filed a Motion to Dismiss claiming that the signature on the notice to quit is improper. Thus the notice to quit is defective and therefore the defective notice to quit deprives the court of subject matter jurisdiction. The parties filed supporting memorandum of law and furnished oral argument without testimony.
FACTS
The original lease between the parties was signed on March 7, 1986 for the occupancy of a portion of the Westport Plaza in Westport, Connecticut by "The Masters Sport's Cafe." The plaintiff commenced this lawsuit seeking possession of the premises based on non payment of monthly rent due October 1995. Prior to the institution of the lawsuit a notice to quit was prepared by the plaintiff's attorney, Michael Schless, and served at the commercial premises in accordance with statute; "at the place of the commercial establishment by a proper CT Page 2511 officer or indifferent person." Connecticut General statutes§ 47a-23 (c).
The notice to quit was a preprinted form prepared by Allstate, a well known corporation doing business in the state of Connecticut furnishing preprinted forms to Connecticut attorneys. The preprinted form had printed on the bottom of the signature line these words; "Owner, Lessor or Legal Representative." The words "owner", and "lessor" and "or" were all Xed out leaving the preprinted phrase "Legal Representative." Attorney Schless typed his name underneath it as "Michael Schless" and signed Michael Schless on the signature line.
The signature did not contain the fact that Michael Schless was an attorney. It did not contain the words "Esquire" or "His Attorney" and did not indicate the name of the law firm that Mr. Schless was associated with. Furthermore the notice to quit on the signature line did not indicate the name of the landlord nor did it use the word "landlord" anywhere in the signature portion of the notice to quit. This the signature line appeared as follows.
 S/Michael Schless
Legal Representative Michael Schless
The defendant's Memorandum of Law in Support of motion to Dismiss states that although the name Michael Schless "identifies the signatory, it does not identify the party for whom the signatory is acting in executing this notice. At the same time it indicates by the words `Legal Representative', that the signatory is not acting as a principal but rather as an attorney for someone else." Defendants Memorandum, p. 1-2
At oral argument the defendant's attorney did not argue that Michael Schless is not an attorney in Connecticut or a Commissioner of the Superior Court with offices at 505 Willard Avenue, Newington, Connecticut. The Defendant did argue that the requirements of the notice to quit statute, ConnecticutGeneral Statutes § 47a-23(a), were not met. Notices to quit must be strictly construed in order to conform to the statutory requirements. Windsor Properties, Inc. v. Greater Atlantic andPacific Tea Company, 35 Conn. Sup. 297, 301 (1979). CT Page 2512
DISCUSSION OF LAW
A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 730
(1989). A motion to dismiss shall. be used to assert the lack of jurisdiction over the subject matter. Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 12 (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics, 225 Conn. 305,308 (1993). Every presumption favoring jurisdiction should be indulged. Connecticut light and Power Co. v. Costle,179 Conn. 415, 421 (1980). "The motion to dismiss . . . admits all well pleaded facts . . . the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
Because of the summary nature of the summary process remedy, the statute granting it has been narrowly construed and strictly followed. Jo-Mark Sand and Gravel v. Pantanella,139 Conn. 598, 600-601 (1953); Vogel v. Bacus, 133 Conn. 95, 97
(1940). This court acknowledges these rules of law but notes that the rules about strict construction of the wording of notices to quit has been tempered by case law. WindsorProperties, Inc. decided in 1979 and Jo-Mark Sand and Gravel
decided in 1953 are not a correct statement of the status of the law concerning the determination of the validity of the wording of a notice to quit.
Generally speaking when there is a failure to follow the specific mandates of a summary process statute the court is deprived of subject. matter jurisdiction. Bridgeport v.Barbour-Daniels Electronics, Inc., 16 Conn. App. 574, 582 (1988);Lampasona v. Jacobs, supra 729. The modern trend" is construe pleadings broadly and realistically, rather than narrowly and technically." Fuller v. First nationalSupermarkets, Inc., 38 Conn. App. 29, 302 (1995) Beaudoin v.Town Oil Company, Inc., 207 Conn. 575, 587-588 (1988). "over technical formal requirements have ever been a problem Of the common law, leading the legislature at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." ConceptAssociates Ltd. v. Board of Tax Review, 229 Conn. 618, 623-624
(1994). Connecticut General Statutes § 47a-23(b) granted further flexibility in Public Act 91-5 when the following phrase was added; "using the statutory language or words of similar import." "We have often stated that we will not exalt form over CT Page 2513 substance." Brown J. Rosen, 36 Conn. App. 206, 210 (1994).
"Therefore the general test in Connecticut in determining whether or not the language of the notice to quit complies with the statutory requirements is as follows; In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction.' Jefferson Gardens Associates v. Greene, supra 143."Vertula v. Toracco, SNBR-437 p. 4-5, August 25, 1995, (Tierney, J.).
"We therefore conclude that judicial appraisal or a landlord's compliance with both state and federal requirements for notices of termination must reflect the purpose that the notices were meant to serve." Jefferson Garden Associates v.Greene, 202 Conn. 128, 145 (1987). "Not every deviation from the strict requirements or either statutes or regulations warrants dismissal of an action for summary process. When good cause for termination of a lease has clearly keen shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent."Jefferson Garden Associates v. Greene, supra 145.
Requirements of the signatory of the notice to quit is found in Connecticut General Statutes § 47a-23(a).
"When the owner or lessor, or his legal representative, or his attorney at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands . . . such Owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment, or dwelling unit." Defendant notes that the preprinted Allstate form has under the signatory line the preprinted words, "Owner, Lessor or Legal Representative." It does not have the preprinted line attorney at-law or attorney-in-fact. The court further notes that the preprinted form, although in common usage in Connecticut, can clearly be changed by typing "attorney-in-law" which is the actual authority used by Michael Schless for his signature. The defendant claims that strict construction of the summary process CT Page 2514 statute requires that Mr. Schless sign in his capacity as attorney-at-law. Having failed to sign in his capacity as an attorney-at-law he fails to meet requirements or this summary process statute, Connecticut General Statutes § 47a-23(a).
Is noteworthy that the defendant does not argue that the time limit contained in the notice are in violation of the statute. The defendant fails to demonstrate how the defendant was prejudiced by Attorney Schless's signing the notice to quit on behalf of the plaintiff. The court file indicates that Mr. Schless signed the writ, summons and complaint and instituted this particular lawsuit as a Commissioner of the Superior Court.
The plaintiff argues that an attorney is authorized to sign a notice to quit. Evergreen Corp. v. Brown, 35 Conn. Sup. 549,550 (1978). In Evergreen the notice to quit was signed "by John Haymond, Attorney." Haymond was the attorney for the plaintiff,Evergreen Corporation. In 1978 Connecticut General Statutes§ 47a-23 required the same five individuals to sign the notice to quit; i.e, Owner, Lessor, Legal Representative, Attorney-at-law or Attorney-in-fact. The plaintiff argues that under Webb v.Ambler, 125 Conn. 543, 553 (1939) "there is no reason why it (a notice to quit) may not be signed by a duly authorized attorney."
The defendant argues that Evergreen Corporation is not controlling on this court since it was decided in February of 1978 prior to the institution of the Housing Session in October 1978. P.A. 78-365, Connecticut General Statutes § 47a-68.
That fact is of no moment since Evergreen Corporation v. Brown dealt with the identical statute in its current form.
The defendant cites for support of its Motion to DismissHuntington Realty v. Paskins, 1995 Conn. Super. Lexis 722, H-1043, February 10, 1995 (DiPentima, J.). Huntington involved six different evictions in which the Notices To Quit contained the rubber stamp facsimile signature of the landlord's representative. The authority of the representative nor the question of whether the title of the landlords' representative complied with Connecticut General Statutes § 47a-23(a)
was not in issue in Huntington. Judge DiPentima followed precedent in deciding that a rubber stamp of a signature is not a "signature". Sharkiewicz v. Smith, 142 Conn. 410, 412 (1955);State v. Verdirome, 36 Conn. Sup. 586, 588 (1980); HousingAuthority v. Alicea, H-821, March 11, 1987 (Kaplan, J.). CT Page 2515Huntington nor any of the cases upon which Huntington
was based support the defendant's motion to dismiss.New Haven v. Housing Authority v. Joyce, NH-164, June 13, 1983 (Harrigan, J.).
CONCLUSION OF LAW
The defendant has not shown any prejudice or misleading action by reason of the notice to quit being signed by Michael Schless. Michael Schless is an attorney-at-law and should best. have signed the notice to quit. as "attorney-of-law" thus clearly complying with Evergreen Corporation v. Brown. The use of the preprinted form" legal representative" does not take away from the statutory authority or Mr. Schlees to sign this notice to quit.
This court concludes this motion to Dismiss is a "hypertechnical dissection" of the notice to quit that borders on the dilatory. it is for that reason that this opinion is being written. Dilatory motions in summary process actions are discouraged. See for example Krueger v. Lusardo, SNBR-452, February 2, 1996 (Tierney, J.); F.G.B. Realty Advisors, Inc. v.John Doe, et al, SNBR 421, April 17, 1995, (Tierney, J.)
The Motion to Dismiss denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE