[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action based on nonpayment of rent. The material allegations of the complaint were admitted. The defendant has alleged that no rent was due because of damages within the apartment, some of which existed when she leased the apartment in February, 1998. On March 5, 1998, the following housing code violations were found: cracked walls in bathroom; holes in kitchen wall which wall needed painting; inoperative electrical outlet in middle bedroom; need to provide adequate hardware for front of bedroom door; cracked glass in living room window.[1]
A tenant's right to withhold rent "is not automatic once he CT Page 4170 has alleged a breach of the landlord's statutory duty. . . . [F]or a tenant to make a successful claim that he had the right to withhold payment of rent, he must show that the landlord's failure to comply with § 47a-7 (a)`materially affects his safety'; Tucker v. Lopez, 38 Conn. Sup. 67, 69, 457 A.2d 666
(1982); or has rendered the premises `uninhabitable.' Steineggerv. Rosario, 35 Conn. Sup. 151, 156, 402 A.2d 1 (1979). Furthermore, to establish uninhabitability, the tenant needs to do more than assert a unilateral, self-serving statement that the premises are untenantable. Evergreen Corporation v. Brown,35 Conn. Sup. 549, 552, 396 A.2d 146 (1978) (suggesting that a tenant utilize the broad range of municipal boards, agencies, and commissions' to remedy defects)." Visco v. Cody,16 Conn. App. 444, 450, 547 A.2d 935 (1988)." [T]he sanctions in these sections are not triggered until and unless evidence is adduced at trial establishing that there is a substantial violation or series of violations of housing and health codes creating a material risk or hazard to the occupant[.]' P. Marzinotto, Connecticut Summary Process Manual, p. 118, citing Evergreen Corporation v. Brown,
supra; Arroyo v. Fernandez, Superior Court, judicial district of Waterbury, Housing Session, Docket No. SPWA-00076 (December 9, 1982)." Id., 450-451. "To be successful a tenant must demonstrate actual and serious deprivation of the use contemplated by the parties to the ease.'" Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR 9409-27973 (Feb. 6, 1995). "The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort." Id. "Whether the premises are untenantable is a question of fact for the trier, to be decided in each case after a careful consideration of the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the [conditions] claimed.' Reid v. Mills,118 Conn. 119, 122, 171 A. 29 [1934]; see Hayes v. Capitol BuickCo., [119 Conn. 372, 378-79, 176 A. 885 (1935)]; Tungsten Co. v.Beach, 92 Conn. 519, 524, 103 A. 632 [1918]." Thomas v. Roper,162 Conn. 343, 347, 294 A.2d 321 (1972); accord, Johnson v.Fuller, 190 Conn. 552, 556-57, 461 A.2d 988 (1983).
The defendant failed to sustain this burden of proof. Judgment may enter for the plaintiff.[2]
CT Page 4171