SHELBY MUTUAL INSURANCE COMPANY *v.*
BISHOP, KIRK AND SAUNDERS, INC.
(4540)

DUPONT, C. J., SPALLONE and STOUGHTON, Js.

Argued October 15, 1987—decision released January 5, 1988

*Jeffrey D. Lynch,* with whom, on the brief, was *Thomas M. Murtha,* for the appellant (defendant).

*Stephen R. Bellis,* for the appellee (plaintiff).

STOUGHTON, J. This is an appeal from a judgment for the plaintiff rendered by the court upon the decision of an arbitrator. The sole issue presented is whether the right of the defendant to trial by jury under our state constitution was violated. We find no error.

The plaintiff brought this action for breach of contract, alleging that the defendant, an insurance agency, had failed to comply with insurance underwriting rules and regulations. The defendant filed its answer to the complaint, and filed a claim for the jury trial list. After giving notice to the parties, the court referred the case to an arbitrator appointed pursuant to General Statutes § 52-549w,[1] and the matter was assigned for

---

[1] "[General Statutes] Sec. 52-549w. APPOINTMENT OF ARBITRATORS. COMPENSATION. POWERS. (a) Upon publication of a notice in the Connecticut Law Journal, any commissioner of the superior court admitted to practice in this state for at least five years, who is willing and able to act as an arbitrator, may submit his name to the office of chief court administrator for approval to be placed on a list of available arbitrators for one or more judicial districts. The criteria for selection and approval of arbitrators shall be promulgated by the judges of the superior court. Upon selection and approval by the chief court administrator, for such term as he may fix, the arbitrators shall be sworn or affirmed to try justly and equitably all matters at issue submitted to them. The chief court administrator, in his discretion, may at any time revoke any such approval.

"(b) Each arbitrator shall receive one hundred dollars for each day he is assigned to a courthouse facility to conduct proceedings as an arbitrator

April 26, 1985. Neither the defendant nor its counsel appeared for the arbitration hearing. The arbitrator proceeded with the hearing and made a decision, pursuant to General Statutes § 52-549y,[2] finding for the plaintiff. The defendant filed a motion for trial de novo, an objection to which was sustained. A motion to open the judgment was also denied.

The defendant claims that General Statutes § 52-549u[3] is unconstitutional because it effectively abolished the defendant's right to trial by jury. We disagree.

and an additional twenty-five dollars for each decision filed with the court. In difficult or extraordinary cases, the chief court administrator may, in his discretion, make a further allowance not to exceed two hundred dollars for services rendered attendant to but not part of the hearing.

"(c) Such arbitrators shall have the power to: (1) Issue subpoenas for the attendance of witnesses and for the production of books, papers and other evidence, such subpoenas to be served in the manner provided by law for service of subpoenas in a civil action and to be returnable to the arbitrators; (2) administer oaths or affirmations; and (3) determine the admissibility of evidence and the form in which it is to be offered."

[2] "[General Statutes] Sec. 52-549y. FAILURE TO APPEAR. JUDGMENT. MOTION TO OPEN OR SET ASIDE JUDGMENT. DISMISSAL OF ACTION. PAYMENT OF ARBITRATION FEE. (a) Where a party fails to appear at the hearing, the arbitrator shall nonetheless proceed with the hearing and shall make a decision, as may be just and proper under the facts and circumstances of the action, which shall be entered as a judgment forthwith by the court. Such judgment may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered. If the court opens or sets aside the judgment, it may resubmit the actions to the arbitrator. Any order opening or setting aside the judgment may be upon condition that the moving party pay into the court an amount not greater than the total fees then payable to the arbitrator for services in the case.

"(b) If all parties fail to appear at the hearing, the arbitrator shall file a request with the court to dismiss the action. If the court does not dismiss the action, it may be heard by the arbitrator upon order of the court. Such order may provide for the payment by any party to the court of an amount not greater than one hundred dollars."

[3] "[General Statutes] Sec. 52-549u. ARBITRATION OF CERTAIN CIVIL ACTIONS. RULES OF PROCEDURE. In accordance with the provisions of section 51-14, the judges of the superior court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an arbitrator, for proceedings authorized pur-

Section 52-549u permits the judges of the Superior Court to make rules providing a procedure under which the court may refer to an arbitrator certain civil actions in which a claim for a trial by jury and a claim for the trial list have been filed. These rules are found in Practice Book § 546L et seq. The plaintiff first argues that this claim should not be considered at all because it was not raised until the defendant, on appeal, filed its preliminary statement of issues. A challenge to the jurisdiction of a court to render judgment may, however, be raised at any time. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 499, 508 A.2d 415 (1986).

Article IV of the amendments to the constitution of Connecticut provides, inter alia, that the right of trial by jury "shall remain inviolate." It is clear that the right to a jury trial may not be abolished as to causes triable to the jury prior to the constitution of 1818, and extant at the time of its adoption. *Gentile* v. *Altermatt,* 169 Conn. 267, 298, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976). This is such a case. Nevertheless, such a right may be subjected to reasonable conditions and regulations. *Kredi* v. *Benson,* 1 Conn. App. 511, 515, 473 A.2d 333, cert. denied, 193 Conn. 803, 474 A.2d 1260 (1984). The provision by the legislature for an alternative means of dispute resolution through the use of arbitrators to hear cases claimed for jury trial was but part of an effort to alleviate court congestion. See *Seal Audio, Inc.* v. *Bozak, Inc.,* supra. The right to a trial by jury in these cases is preserved inviolate by General Statutes § 52-549z[4]

suant to this chapter, any civil action in which the amount, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs and in which a claim for a trial by jury and a claim for the trial list have been filed."

[4] "[General Statutes] Sec. 52-549z. APPEAL. TRIAL DE NOVO. (a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section.

and Practice Book § 546S.[5] Each of these sections provides for a claim for a trial de novo within twenty days of the filing of the arbitrator's decision. Once a claim for trial de novo is filed in accordance with the rules, a decision of an arbitrator becomes null and void. Under the provisions of § 52-549z (c) and § 546S (c), however, only a party who has appeared at the hearing may claim a trial de novo. This is a reasonable requirement and does not operate to abolish the right to a trial by jury. It is not unreasonable to require that a party attend a hearing when a case has been assigned by the court. The defendant did not attend the hearing before the arbitrator, and the objection to its motion for trial de novo was properly sustained.

It is well settled that a party who challenges a statute on constitutional grounds has no easy burden for every intendment will be made in favor of constitutionality, and invalidity must be established beyond a reasonable doubt. *University of Connecticut Chapter,*

"(b) A decision of the arbitrator shall become null and void if an appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section.

"(c) For the purpose of this section the word 'decision' shall include a decision and judgment rendered pursuant to subsection (a) of section 52-549y, provided the appeal is taken by a party who did not fail to appear at the hearing, and it shall exclude any other decision or judgment rendered pursuant to said section.

"(d) An appeal by way of a demand for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision and it shall include a certification that a copy thereof has been served on each counsel of record, to be accomplished in accordance with the rules of court."

[5] "[Practice Book] Sec. 546S. —CLAIM FOR TRIAL DE NOVO; JUDGMENT

"(a) A decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed in accordance with subsection (c).

"(b) A decision of the arbitrator shall become null and void if a claim for a trial de novo is filed in accordance with subsection (c).

"(c) A claim for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision. Only a party who appeared at the arbitration hearing may file a claim for a trial de novo."

194

*AAUP* v. *Governor,* 200 Conn. 386, 390, 512 A.2d 152 (1986), citing *State* v. *Darden,* 171 Conn. 677, 679, 372 A.2d 99 (1976). The defendant has failed to meet this heavy burden. The statute and the rule are reasonable in their requirements and, therefore, not unconstitutional as applied to the defendant here.

There is no error.

In this opinion the other judges concurred.