[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action was instituted by the plaintiff seeking to recover fees for architectural services performed by him. The case was claimed to the jury docket by the defendant and the action was then referred to an arbitrator pursuant to the provisions of General Statutes Section 52-549u.
The decision of the arbitrator, dated November 14, 1991, states that the matter was heard by him on July 26 and September 12, 1991 and found that the plaintiff was entitled to monetary damages. Within twenty days of the filing of the arbitrator's decision, the defendant filed, on December 6, 1991, a demand for a Trial de Novo.
The plaintiff has filed an objection to the demand for a Trial de Novo asserting that the failure of the defendant to appear at the hearing held on July 26, 1991 prevents the defendant from seeking a Trial de Novo. The parties agree that a request for a continuance by the defendant was denied and that the defendant was not present at the hearing on July 26, except through counsel, and the defendant and his counsel were both present for the second day of the hearing held on September 12, 1991.
The arbitration proceedings provided in General Statutes Section 52-549u et seq. and Practice Book Section 546 L et seq. have been held to constitute reasonable requirements which do not operate to abolish the constitutional right to a trial by jury in view of the provisions securing a Trial de Novo.
Shelby Mutual Life Ins. Co. v. Bishop, Kirk and Saunders. Inc.,13 Conn. App. 189, 193 (1988).
Practice Book Section 546L provides: "Only a party who appeared at the arbitration hearing may file a claim for a Trial de Novo". Similarly, General Statutes Section 52-549 Z (c) provides that the word "decision" includes a decision rendered where a party fails to appear "provided the appeal is taken by a party who did not fail to appear at the hearing".
Both the plaintiff and his counsel appeared on September 12, 1991 when the matter was"heard" by the arbitrator and therefore the plaintiff "appeared at the arbitration hearing" as required by the CT Page 26 rules of practice and the plaintiff is not "a party who did not fail to appear at the hearing" as that phrase is used in the statutes.
Accordingly the decision of the arbitrator is "null and void" pursuant to the provisions of General Statutes Section 52-549 z (b) and Practice Book Section 546S (c). The objection to the Demand for a Trial de Novo is overruled.
RUSH, J.