[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF CLAIM FOR TRIAL DE NOVO
This case requires the court to interpret the meaning of the word "appear" in connection with the requirement, contained within General Statutes Section 52-549z(c), as amended by Public CT Page 2145 Act 97-24, that only a party "who did not fail to appear at a hearing" may demand a trial de novo following a court mandated arbitration.
The facts of the matter are not in dispute: The plaintiffs seek damages arising out of an automobile accident which occurred on August 29, 1997 in New Haven. After the pleadings were closed and a jury trial claimed, the case was placed in the mandatory arbitration program pursuant to General Statutes § 52-549u et seq. An arbitration was held, and the arbitrator rendered a decision on October 21, 1998, awarding damages to the plaintiff. The plaintiffs and their counsel were present for the hearing, as was the defendants' attorney. Neither defendant, however, was personally present at the arbitration.
On October 30, 1998, within the 20 day period provided for by both the statute and Practice Book § 23-66(c), the defendants claimed a trial de novo. On November 2, 1998, the plaintiffs filed an objection based on their contention that because the defendants were not personally present at the arbitration hearing, they had no right to a trial de novo.
General Statutes § 52-549z(c) grants the right to demand a trial de novo only to a party "who did not fail to appear at a hearing" held pursuant to the court's mandatory arbitration procedures. The plaintiffs argue that because the defendants were not personally present at the hearing, they did not "appear" within the meaning of the statute, and they thereby lost their right to claim a trial de novo. Their only authority in support of this contention is Shelby Mutual Ins. Co. v. Bishop, Kirk andSaunders, Inc., 13 Conn. App. 189 (1998), but in fact, this case does not give us much guidance. In Shelby Mutual, not only did the defendant not appear at the arbitration hearing, but neither did its attorney. Under those circumstances, our appellate court rightly held that the defendant had no right to claim a trial de novo. Here, however, defendant's counsel was present.
It is apparent that the purpose of General Statutes §52-549z(c) is to assure that the arbitration does not become a sham in which a plaintiff is made to go through the exercise of putting on its case with no participation whatsoever on the part of the defense. No purpose would be served by a general requirement that the defendant appear personally, however, especially since many arbitration cases are ones which are effectively hearings in damages, proceedings in which liability CT Page 2146 is not seriously contested, if at all, and the only issue in dispute is fair, just and reasonable damages. On this issue, the defendant himself, herself or itself would have nothing to offer, but the defendant's attorney would be able to cross examine, put on other evidence, and make a closing argument. Just as it is clear that part of the purpose of the statute is to prevent a sham arbitration, so it is also clear that the legislature would not have required a token appearance by the defendant in a proceeding in which such personal participation would be irrelevant.
The concept of "appearance" in judicial proceedings has long been understood to imply personal appearance or appearance by counsel. Similarly, the concept of "failure to appear" in the civil context has meant the failure of the party to file an appearance and/or to be present in court, or the failure of an attorney to file such an appearance or be present in court on behalf of the party. See, e.g. Practice Book § 17-19. (authority of court to enter nonsuit or default where a party "fails without proper excuse to appear in person or by counsel for trial.") The plaintiff has offered the court no legal authority or practical argument to support the conclusion that these concepts should mean something else in the context of an arbitration.
The objection to the defendants' notice of claim for trial de novo is therefore overruled.
Jonathan E. Silbert, Judge