[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
"Absence makes the heart grow fonder."[1] While this timeless adage may apply to love, it doesn't pertain to litigation; at least this litigation and accompanying arbitration proceeding. The plaintiff in this case is not fonder of the defendant for not attending the arbitration hearing, though the defendant's CT Page 1570 attorney was present. The plaintiff claims foul and asks the court to enter judgment in accordance with the arbitrator's award. The defendant asserts that he is entitled to a trial de novo before the court because his counsel appeared on his behalf at the arbitration hearing. The resolution of this dispute rests on the appropriate interpretation of the statutory and practice book provisions governing the appearance of parties at an arbitration hearing.
On May 26, 1998, the plaintiff filed an action in court against the defendant claiming that the defendant was negligent in the operation of his motor vehicle causing injuries to the plaintiff. The defendant subsequently filed his answer denying the plaintiff's claim and asserting a special defense of comparative negligence. The case was claimed for the jury list. Pursuant to General Statutes § 52-549u[2] and Practice Book §23-61[3], the matter was referred to an arbitrator apparently because the court found the reasonable expectation of judgment to be less than fifty thousand dollars exclusive of legal interest and costs.
A hearing was held before an arbitrator. The plaintiff and his attorney appeared at the hearing. The attorney for the defendant also appeared, but the defendant did not.[4] The arbitrator issued his decision and awarded damages totaling $25,500 to the plaintiff. The plaintiff subsequently moved for judgment pursuant to Practice Book § 23-65 on the grounds that the defendant failed to appear at the arbitration hearing.[5] The defendant filed a motion for a trial de novo pursuant to Practice Book § 23-66. The issue before the court is whether the plaintiff is entitled to judgment because of the failure of the defendant to appear in person at the arbitration hearing or whether the defendant has a right to a trial de novo.
The arbitration proceeding authorized by General Statutes §52-549u and Practice Book § 23-61 is a mandatory proceeding that the parties are obligated to attend. If all parties fail to appear at the hearing, the action may be dismissed by the court. General Statutes § 52-549y(b) and Practice Book § 23-65. "Where a party fails to appear at the hearing, the arbitrator shall nonetheless proceed with the hearing and shall make a decision, as may be just and proper under the facts and circumstances of the action, which shall be entered as a judgment forthwith by the court." General Statutes § 52-549y(a). Practice Book § 23-65 contains similar language. "Where a CT Page 1571 party fails to appear at the hearing, the arbitrator shall nonetheless proceed with the hearing and shall render a decision, which shall be rendered as a judgment by the court." The statute and the practice book also provide that a claim for a trial de novo may not made by a party who failed to appear at the arbitration hearing. General Statutes § 52-549z(c) and Practice Book § 23-66(c). The dispute between the parties in this case is over what is meant by the use of the phrase "where a party fails to appear" in the relevant statute and the practice book provisions. Do these provisions mandate that a party appear in person at the arbitration hearing or may a party appear through his or her counsel?
There is no appellate guidance to be found on this issue. The one appellate case that dealt with the issue of a party's absence at a arbitration hearing pursuant to General Statutes §52-549u and Practice Book § 23-61 involved a situation in which neither the defendant nor its attorney appeared at the hearing; an instance clearly justifying the entry of judgment against the defendant. See Shelby Mutual Ins. Co. v. Bishop, Kirk andSaunders, Inc., 13 Conn. App. 189 (1998).
There is at least one unpublished Superior Court decision addressing this precise issue. In Black v. Blake Hamann, Superior Court, judicial district of New Haven, Docket No. CV98-0412165S (February 17, 1999) (Silbert, J.), the court held that the defendant in a arbitration pursuant to General Statutes § 57-549u could appear through his attorney and was not required to personally appear at the arbitration hearing. This court finds the reasoning of Black v. Blake Hamann persuasive.
The purpose underlying the statute establishing the arbitration process is to reduce the backlog of civil cases awaiting jury trials by diverting cases of lesser value to arbitration in the hope that some of the cases will settle as a result. See 25 S. Proc., Pt. 11, 1982 Sess., p. 3657-3658. This purpose is fulfilled by an arbitration proceeding attended by the defendant through his counsel. Such a scenario affords both parties the opportunity to see what an impartial decision maker would do when presented with the claims of each party and to settle the case in accordance with the decision of the arbitrator. The presence of the defendant's attorney at the arbitration hearing means that he will be aware of the basis of the arbitrator's award, if any, and in a position to advise the defendant on whether the award should be accepted. Since the defendant is under no obligation to CT Page 1572 present any evidence at the arbitration hearing, more is not required.
The presence of the defendant is not required at the trial in court of the underlying action. He may appear at trial through his attorney. See Practice Book § 17-19. The plaintiff has offered no principled reason why greater demands should be placed on the defendant's appearance at the arbitration hearing then on his appearance at trial.
In light of the above, the court's previous decision granting the plaintiff's motion for judgment is hereby vacated and the defendant's motion for a trial de novo is hereby granted.
BY THE COURT
Judge Jon M. Alander