[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON: OBJECTION TO MOTION TO VACATE
The underlying case involves allegations of defective shelving at the defendant Wal-Mart's store involving an incident in which the minor plaintiff, Janine Savoie, suffered injuries after allegedly hitting said shelving while a business invitee to defendant's premises. Before the court are the plaintiff's self-entitled motion to vacate arbitrator's award and the defendant's objection to said motion.
A factual background is essential.
Pursuant to C.G.S. § 52-549u et seq., the underlying case was assigned for arbitration. After a full evidentiary hearing on November 22, 1999, the arbitrator, Atty. Margaret A. Pothin, issued a decision, dated December 2, 1999, for the defendant finding that the "plaintiff has not established by a fair preponderance of the evidence that any defective condition existed or further that any such condition caused the injuries as alleged." On December 17, 1999, the plaintiff filed her "motion to vacate arbitrator's decision." (The plaintiff's heading has been relabeled as a "motion for trial de novo.") The defendant filed an objection to the plaintiff's motion on December 23, 1999. The court heard oral argument on the motions on January 31, 2000.
C.G.S. § 52-549z provides that a decision of the arbitrator shall become a judgment of the court unless an appeal is filed by way of demand for a trial de novo. That section also provides that if a demand for trial de novo is filed within the CT Page 2027 manner set forth in the statute, the decision of the arbitrator "shall become null and void." § 52-549z(b). A demand for a trial de novo must be filed with the clerk within twenty days of the arbitrator's decision and must include a certification that notice of the demand for trial de novo was sent to opposing counsel. § 52-549z(d).
Here, the plaintiff's "motion to vacate arbitrator's decision/motion for trial de novo was filed on December 17, 1999, within the twenty day time limit. Also, the plaintiff's December 17, 1999, motion contains a certification that it was sent to opposing counsel of record. Since plaintiff's counsel, along with minor plaintiff's PPA, Cynthia Savoie, appeared at the arbitrator's hearing, the arbitrator's decision becomes null and void as a matter of law. Shelby Mutual Ins. Co. v. Bishop, Kirk C.,13 Conn. App. 189, 192, 535 A.2d 387 (1988) ("[t]he provision by the legislature for an alternative means of dispute resolution through the use of arbitrators to hear cases claimed for jury trial was but part of an effort to alleviate court congestion . . . the right to a trial by jury in these cases is preserved inviolate by General Statutes 52-549z . . .")
The court has no discretion but to grant the plaintiff's motion for trial de novo).[1]
GROGINS, J.