[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of a motor vehicle collision which occurred on September 17, 1996 in East Haven, Connecticut. After the pleadings were closed, the plaintiff filed a jury claim and certificate of closed pleadings. The prerequisites having been met, the court assigned the case to the mandatory arbitration program pursuant to General Statutes §52-549u, et seq., and an arbitration hearing was held on December 3, 1999. The defendant appeared at the hearing with counsel and two witnesses. The plaintiff's attorney attended the hearing, but the plaintiff did not appear personally.
At the hearing, the plaintiffs attorney offered neither documentary nor testimonial evidence of any kind. The defense, however, presented its case, with testimony from the two witnesses. There had been no agreement relieving the plaintiff of his obligation to appear and go forward or permitting him to present the case in a form not requiring live testimony. The plaintiffs attorney gave no excuse for the plaintiffs failure to appear, nor did he request a continuance or leave to present his case informally. He did, however, state his intention to claim a trial de novo.
The arbitrator rendered a decision in favor of the defendant on December 6, 1999. The plaintiff filed a claim for a trial de novo on December 17, 1999, and the defendant filed an objection, based on the plaintiffs not having appeared at the hearing. The undersigned overruled the defendant's objection, on the grounds that the "plaintiff appeared through counsel" but subsequently granted the defendant's request for reargument. Oral argument was heard on May 15, 2000. Presently before the court, therefore, are the plaintiffs claim for trial de novo and the defendant's objection, and at issue is the meaning of General Statutes § 52-549z (c) and Practice Book § 23-66(c), which require an "appearance" at an arbitration hearing by an appealing party which claims a trial de novo.
Pursuant to General Statutes § 52-549u, "the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an CT Page 11238 arbitrator . . . any civil action in which in the discretion of the court, the reasonable expectation of a judgment is less than fifty thousand dollars exclusive of legal interest and costs and in which a claim for a trial by jury and a certificate of closed pleadings have been filed." Under General Statutes § 52-549z (a), an arbitrator's decision may be appealed through a claim for a trial de novo, "provided the appeal is taken by a party who did not fail to appear at the hearing." General Statutes § 52-549z (c). This court must interpret what it means to "appear" for purposes of subsection (c).
Neither the defendant nor its attorney appeared at the arbitration hearing in Shelby Mutual Ins. Co. v. Bishop. Kirk and Saunders. Inc,13 Conn. App. 189, 535 A.2d 387 (1988). In Shelby, the Connecticut Appellate Court stated that, "[u]nder the provisions of 52-549z (c) and [23-66 (c)], . . . only a party who has appeared at the hearing may claim a trial de novo. This is a reasonable requirement and does not operate to abolish the right to a trial by jury. It is not unreasonable to require that a party attend the hearing when a case has been assigned by the court. The defendant did not attend the hearing before the arbitrator, and the objection to its motion for trial de novo was properly sustained." Id., 193.
In Black v. Hamann, Superior Court, judicial district of New Haven at New Haven, Docket No. 0412165 (February 17, 1999, Silbert, J.) (24 Conn.L.Rptr. 80), the plaintiff and his counsel were present and the defendants' counsel was also present, but the defendants were not personally in attendance at the arbitration hearing. After the arbitrator rendered a decision in favor of the plaintiff, the defendants made a claim for a trial de novo. This court ruled that: "It is apparent that the purpose of General Statutes § 52-549z (c) is to assure that the arbitration does not become a sham in which a plaintiff is made to go through the exercise of putting on its case with no participation whatsoever on the part of the defense. No purpose would be served by a general requirement that the defendant. appear personally, however, especially since many arbitration cases are ones which are effectively hearings in damages, proceedings in which liability is not seriously contested, if at all, and the only issue in dispute is fair, just and reasonable damages. On this issue, the defendant himself, herself or itself would have nothing to offer, but the defendant's attorney would be able to cross examine, put on other evidence, and make a closing argument. Just as it is clear that part of the purpose of the statute is to prevent a sham I arbitration, so it is also clear that the legislature would not have required a token appearance by the defendant in a proceeding in which such participation would be irrelevant." Id.
The reasoning in Black v. Hamann was followed by the court in TartarisCT Page 11239v. Laffin, Superior Court, judicial district of New Haven at New Haven, Docket No. 041327 (February 2, 2000, Alander, J.), where the plaintiff and his attorney and the defendant's attorney were present, but not the defendant. Appealing from a decision for the plaintiff, the defendant claimed a trial de novo, "because his attorney appeared on his behalf at the arbitration hearing. . . . The issue before the court [was] whether the plaintiff [was] entitled to judgment because of the failure of the defendant to appear in person at the arbitration hearing or whether the defendant [had] a right to a trial de novo." Id.
The Tartaris court held that the defendant could appear through his counsel and stated that, "[t]he purpose underlying the statute establishing the arbitration process is to reduce the backlog of civil cases awaiting jury trials by diverting cases of lesser value to arbitration in the hope that some of the cases will settle as a result, This purpose is fulfilled by an arbitration proceeding attended by the defendant through his counsel. Such a scenario affords both parties the opportunity to see what an impartial decision maker would do when presented with the claims of each party and to settle the case in accordance with the decision of the arbitrator. The presence of the defendant's attorney at the arbitration hearing means that he will be aware of the basis of the arbitrator's award, if any, and in a position to advise the defendant on whether the award should be accepted. Since the defendant is under no obligation to present any evidence at the arbitration hearing, more is not required." The defendant in Tartaris was allowed to seek a trial de novo.
The present case, however, presents a fact pattern different from those previously considered by our courts. Here, the plaintiff was personally absent and failed to offer his own testimony in support of his case. Moreover, his attorney, who had filed an appearance and who physically attended the arbitration, nonetheless failed to present any witnesses or evidence of any kind at the hearing. He did not seek a continuance or leave to present his case informally; he did nothing. Because the plaintiff bore the burden of proof, he and his attorney effectively conceded the case to the defendant. The arbitration was thus rendered a sham, whose sole possible purpose for the plaintiff was to set up an arbitrator's decision in favor of the defendant so that a trial de novo could be sought.[1]
Unlike the defendant in Tartaris, the present plaintiff and his counsel did have "an obligation to present . . . evidence at the arbitration hearing." Id. If for some reason they could not, they could and should have requested a continuance, which they did not. If they wished to present evidence in some informal fashion, such as through a written or oral synopsis of the case along with documentation of special damages, as CT Page 11240 is done from time to time in these proceedings, they could and should have sought to do so, but they did not. Instead, they made a mockery of the arbitration proceeding and now seek to profit from it by having had the benefit of viewing the presentation of the defendant's case before claiming a trial de novo.
The arbitration program, which was established by General Statutes § 52-549u, was designed to clear congestion in Connecticut civil jury dockets. In Southington `84 Assoc. v. Silver Doll Stores. Inc.,237 Conn. 758, 767, 678 A.2d 968 (1996), the court emphasized that "the important goal of judicial economy" underlies the arbitration program. Id., quoting Public Acts 1982, No. 82-441, §§ 1, 7, "An Act Concerning Fact Finding and Arbitration in Civil Litigation and Jurisdiction and Appointment of Magistrates.
The legislative history of General Statutes § 52-549u reveals the legislators' goal of alleviating a huge court backlog. Judge Maurice Sponzo, then Chief Court Administrator, endorsed Public Acts 1982, No. 82-441 when he spoke to the Legislature's Joint Committee on the Judiciary: "This is a tremendous challenge [w]ith respect to the overcrowding of the court dockets. . . . What we are proposing is that court cases where the amount in demand is under $15,000 may be referred to a fact finder and the same thing with jury cases where the amount in demand is less than $ 15,000[2], the matter may be referred to an arbitrator. Now that does not take the constitutional right of the jury away from a litigant. Because if the litigant is unhappy with the award being given by the arbitrator, that individual does have the right to seek a trial de novo by a jury. We think there are about 15,000 cases that we could dispose of on the civil side. Roughly, we have about 59,000 pending." Proc. of Jt. Comm. on Jud., March 8, 1982, p. 542. See ShelbyMutual Ins. Co. v. Bishop. Kirk, and Saunders. Inc., supra,13 Conn. App. 192; Seal Audio. Inc. v. Bozak. Inc., 199 Conn. 496, 505,508 A.2d 415 (1986).
That this legislation was designed to cut down on the backlog of civil jury cases is reflected in the words of Senator Owens in the legislative debate: "The court system in the State is being choked by new cases, by speeding cases, reckless driving, all types of civil cases, small claims, everything. It's just, they're inundated with the stuff and in some stage we're going to have to start weeding this out and I think this [arbitration program] is a step in the right direction." S. Proc., 1982 Sess., p. 3658, remarks of Senator Owens. Number 82-441 of the 1982 Public Acts was passed and rules were made in the form of Practice Book §§ 22-60 to 23-66, which govern arbitration procedures.
A party and an attorney who make a sham out of an arbitration mandated CT Page 11241 by our statutes and rules must bear the consequences. Because there was no meaningful appearance by the plaintiff at the arbitration, the plaintiff here has forfeited his right to demand a trial de novo following an arbitration decision adverse to him, in accordance with General Statutes § 52-549z (c) and Practice Book § (c). The defendant's objection to the plaintiffs claim for a trial de novo is
Jonathon E. Silbert, Judge