[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
The plaintiffs, Carmen Mastronardi and Francis Okonkwo, filed a six count revised complaint on June 3, 1996, against defendants Jaime Funes, Luz Colon, Mary Ann Stinson and Anthony Axiotis, for injuries they suffered during a chain reaction motor vehicle collision on June 14, 1994. The plaintiffs allege that they were passengers in a vehicle driven by Deszreen Mitchell on Interstate 95 when they were struck from behind by a vehicle operated by Axiotis. According to the plaintiffs, Funes, driving a vehicle owned by Colon, struck Stinson's vehicle from behind. Stinson then struck Axiotis' vehicle, and he, in turn, struck the plaintiffs' vehicle. In their revised complaint, the plaintiffs assert claims of negligence against Stinson in counts two and five, specifically, the plaintiffs allege that Stinson was negligent in failing to stop in time, failing to apply her brakes, failing to travel at a reasonable distance and failing to turn her wheel so as to avoid a collision.
An arbitrator entered judgment for the plaintiffs on June 7, 1999, finding that the responsibility for causing the accident fell entirely on Funes, who admitted his responsibility at his deposition. The arbitrator also found that Stinson and Axiotis were not negligent as there was no evidence of a sudden stop or following too closely. Funes and Colon filed a demand for a trial de novo on June 24, 1999.
Axiotis then filed a motion for summary judgment on January 20, 2000, as to the negligence claims asserted against him in counts three and six. Funes and Colon objected to the motion for summary judgment. On CT Page 15031 February 7, 2000, the court (Rush, J.) denied the motion without a written decision.
On November 7, 2000, Stinson filed the present motion for summary judgment as to counts two and five of the plaintiffs' revised complaint. Stinson attached a memorandum of law in support of her motion (Movant's Memorandum), along with her own affidavit, a transcribed telephone statement by Axiotis, an affidavit of Axiotis, a page of the deposition testimony of Funes and various caselaw. Funes and Colon filed an objection to Stinson's motion for summary judgment on November 16, 2000, with an accompanying memorandum of law.[1]
"Practice Book . . . [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
Stinson argues that no genuine issues of material fact exist and that she is entitled to judgment as a matter of law. She claims that because this action arises from a four car collision, wherein she was simply stopped in a line of traffic and was pushed forward into another car after being struck from behind, no reasonable jury could conclude that she breached a duty of care. In support of her motion, Stinson argues that a defendant must breach a duty of care in order for negligence to attach. She claims that the evidence she submitted in support of her argument demonstrates that she did not breach any duty of care because CT Page 15032 she "came to a complete stop before the accident. There was no contact between us. After being at a complete stop for ten seconds, with my foot on the brake, my car was rearended by a car driven by Jaime Funes." (Movant's Memorandum, Exhibit A, ¶¶ 2, 3.) She also submitted Axiotis' affidavit, which corroborates her own testimony. He stated that "the operator of a 1985 Honda sedan [Stinson], also traveling in the right lane of I-95 East, brought her vehicle to a full stop behind my car without making contact with the same." (Movant's Memorandum, Exhibit C, ¶¶ 3-5.) Stinson also points out that the arbitrator found that responsibility for causing the accident lies entirely with Funes, who admitted his responsibility at his deposition, and that no negligence is attributable to her.
Funes and Colon argue that even if the court takes Stinson's affidavit at face value, there are still outstanding material questions of fact. Furies and Colon point out that the plaintiffs assert numerous negligence claims against Stinson in their revised complaint, including that Stinson "failed to apply her brakes in time so as to avoid collision . . . failed to stop in time to avoid collision . . . and failed to drive her motor vehicle at a reasonable distance apart from the vehicle immediately in front of her." (Nonmovant's Memorandum, Exhibit A, ¶ 6, (a)-(g).) They also point out that Axiotis raised this same argument in his motion for summary judgment and his motion was denied by the court. (Nonmovant's Memorandum, Exhibit B.) With regard to Axiotis' affidavit, Furies and Colon argue that even if the court were to accept his assertions, the affidavit also fails to address all of the negligence allegations that the plaintiffs assert against Stinson. Finally, Furies and Colon argue that it is entirely improper to submit an arbitration finding in a subsequent trial.
Generally, a defendant who was situated in the middle of a chain reaction collision and who was stopped prior to the collision is entitled to summary judgment only if the plaintiff's claims against the defendant pertain only to the defendant's failure to stop, or if it is undisputed that another party was entirely responsible for the collision. See, e.g., Tolmazin v. Kautter, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 396863 (October 29, 1993,Sheldon, J.) (summary judgment granted because defendant who started the chain collision admitted he negligently caused the accident); Rivera v.Flynn, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319280 (June 7, 1996, Moran, J.) (summary judgment granted because undisputed evidence indicated defendant not negligent); Dupreyv. Gaito, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358725 (December 11, 2000, Melville, J.) (summary judgment denied due to conflicting evidence as to whether defendant stopped before hitting the plaintiff); and Duera v. Mosher, Superior Court, judicial CT Page 15033 district of Stamford-Norwalk at Stamford, Docket No. 151003 (September 25, 1998, D'Andrea, J.) (summary judgment denied due to conflicting evidence).
The issue of whether Stinson was at a complete stop, however, is not the only negligence allegation that the plaintiffs make against her. Although Axiotis' affidavit corroborates Stinson's assertion that she came to a complete stop before the collision, and Funes and Colon did not submit any evidence to contradict this, the affidavits do not resolve the question whether Stinson "failed to turn her motor vehicle in such a manner so as to avoid collision . . . and failed to drive her motor vehicle at a reasonable distance apart from the vehicle immediately in front of her, in violation of General Statutes § 14-240." (Plaintiffs' Complaint, Second Count, ¶ 6(e), (g).)[2]
Finally, Stinson's reliance on the arbitration decision is misplaced. General Statutes § 52-549z (b) states that "a decision from an arbitration shall become null and void if an appeal from the arbitrator's decision by way of a demand for a trial de novo is filed. . . ." The Appellate Court addressed the applicability of this statute in ShelbyMutual Ins. Co. v. Bishop, 13 Conn. App. 189, 192-93, 535 A.2d 387
(1988). The court stated, "[t]he right to trial by jury in these cases [cases involving the use of arbitrators] is preserved inviolate by General Statutes § 52-549z and Practice Book § 546S. Each of these sections provides for a claim for a trial de novo within twenty days of the filing of the arbitrator's decision. Once a claim for trial de novo is filed in accordance with the rules, a decision of an arbitrator becomes null and void." Id., 192-93. In addition, § 52-549z
(d) states that "[t]he decision of the arbitrator shall not be admissible in any proceeding resulting after a claim for a trial de novo." Furthermore, the legislative history clarifies that any finding of an arbitrator shall not be admissible in a subsequent trial, and that "the finding may not be introduced as evidence on one side or the other."[3]
Stinson has not met her burden of proving that no genuine issues of material fact exist. As stated above, negligence actions are normally ill-suited to motions for summary judgment. In light of that principal and the questions of fact that remain, Stinson's motion for summary judgment is denied.
SKOLNICK, J.