ALLSTATE INSURANCE COMPANY ET AL. *v.*
HONORABLE A. WILLIAM MOTTOLESE
(SC 16531)

Sullivan, C. J., and Borden, Palmer, Vertefeuille and Zarella, Js.

Argued March 20—officially released August 20, 2002

*Terence A. Zemetis*, for the plaintiffs in error.

*Glenn E. Coe*, with whom were *Joseph B. Burns* and, on the brief, *Julie D. Blake* and *Richard F. Banbury*, for the defendant in error.

*Opinion*

SULLIVAN, C. J. This case is before us on a writ of error brought by the named plaintiff in error, Allstate Insurance Company (plaintiff),[1] the insurer of the defen-

---

[1] The plaintiff was not a party to the underlying case, *Morgan* v. *Distasio*, Superior Court, judicial district of Fairfield, Docket No. CV 970347509. In *Bergeron* v. *Mackler*, 225 Conn. 391, 391–92 n.1, 623 A.2d 995 (1993), we noted that because the plaintiffs in error had not been parties to the underlying action, a writ of error was the proper vehicle for review of their claim.

dant in the underlying action, seeking reversal of an order of the trial court, *Mottolese, J.*, the defendant in error (trial court), imposing sanctions against the plaintiff pursuant to Practice Book § 14-13. The dispositive issue in this case is whether a party's proper exercise of its right to a trial de novo in accordance with General Statutes § 52-549z following a nonbinding arbitration proceeding may serve as the grounds for the imposition of sanctions under Practice Book § 14-13. We conclude that it may not, and that the trial court, therefore, improperly sanctioned the plaintiff.[2] Accordingly, we reverse the order of sanctions.

The plaintiff claims that the trial court's order of sanctions against it is void because it is not a party to the underlying action and never consented to the court's personal jurisdiction over it. Further, the plaintiff contends that: (1) the trial court violated its due process rights by failing to give notice that that court would be considering whether to impose sanctions upon the plaintiff for its refusal to increase its settlement offer; and (2) the order of sanctions was an improper attempt by the trial court to coerce and intimidate the plaintiff to settle the underlying defendant's case and, as such, violated the underlying defendant's constitutional right of access to the courts. We agree that, under the circumstances of this case, the plaintiff's conduct, which was grounded in its insured's exercise of his right to a trial de novo, cannot serve as the basis for an order of sanctions, and we reverse the order sanctioning the plaintiff.

The record discloses the following relevant facts and procedural history. In December, 1997, Robert Morgan filed the underlying action against David Distasio, the plaintiff's insured, to recover damages for injuries sus-

---

[2] Because this issue is dispositive, we need not address the remaining claims raised by the plaintiff.

tained in a December 5, 1995 automobile accident.[3] *Morgan* v. *Distasio*, Superior Court, judicial district of Fairfield, Docket No. CV 970347509. After a pretrial conference at which no settlement was reached, the trial court referred the case to nonbinding arbitration pursuant to General Statutes § 52-549u,[4] the court annexed arbitration program. In December, 1999, the arbitrator issued a memorandum of decision in which he found, inter alia, that Distasio negligently had rearended Morgan's vehicle, that Morgan had sustained minor physical injuries and property damage, and that judgment should be rendered in favor of Morgan in the amount of $2450. Distasio thereafter timely filed a claim for a trial de novo pursuant to § 52-549z[5] and Practice

[3] The underlying case of *Morgan* v. *Distasio*, Superior Court, judicial district of Fairfield, Docket No. CV 970347509, which gave rise to the writ of error, is still pending in the Superior Court.

[4] General Statutes § 52-549u provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to an arbitrator, for proceedings authorized pursuant to this chapter, any civil action in which in the discretion of the court, the reasonable expectation of a judgment is less than fifty thousand dollars exclusive of legal interest and costs and in which a claim for a trial by jury and a certificate of closed pleadings have been filed. An award under this section shall not exceed fifty thousand dollars, exclusive of legal interest and costs. Any party may petition the court to become eligible to participate in the arbitration process as provided in this section."

[5] General Statutes § 52-549z provides: "(a) A decision of the arbitrator shall become a judgment of the court if no appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section.

"(b) A decision of the arbitrator shall become null and void if an appeal from the arbitrator's decision by way of a demand for a trial de novo is filed in accordance with subsection (d) of this section.

"(c) For the purpose of this section the word 'decision' shall include a decision and judgment rendered pursuant to subsection (a) of section 52-549y, provided the appeal is taken by a party who did not fail to appear at the hearing, and it shall exclude any other decision or judgment rendered pursuant to said section.

"(d) An appeal by way of a demand for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision and it shall include a certification that a copy thereof has been served on

Book § 23-66,[6] requesting that the trial court vacate the arbitration award and restore the case to the jury trial list.

On April 4, 2001, a pretrial conference was held before the trial court, *Mottolese, J.* The trial court continued the conference to April 11, 2001, with the instruction that Distasio produce his insurance claims representative on that date. On April 11, 2001, Distasio, Morgan and their respective counsel, along with the claims representative for the plaintiff, Stephen Coppa, appeared before the court in accordance with a written notice of pretrial conference. Coppa acknowledged that the plaintiff had made its initial settlement offer of $2050 to Morgan after evaluating the case, and that, at the time the offer was made, he had told Morgan that the offer was final. After discussion, the trial court found that the plaintiff's refusal "to pay anything more than $2050 . . . is conduct which may fairly be characterized as unfair and in bad faith." The trial court further stated that "[t]his court deems [the plaintiff's] refusal to participate in a resolution of this case in a reasonable manner as the functional equivalent of a failure to attend a pretrial," and that "[i]t's unreasonable for any insurance carrier, any tortfeasor, to require judicial resources to be put in place and for thousands and thousands of taxpayers' money to be expended in order to save you, [the plaintiff], $400.00." The trial court held that the plaintiff's conduct was an "unwarranted imposition upon scarce judicial resources . . . a gross

---

each counsel of record, to be accomplished in accordance with the rules of court. *The decision of the arbitrator shall not be admissible in any proceeding resulting after a claim for a trial de novo or from a setting aside of an award in accordance with section 52-549aa.*"

[6] Practice Book § 23-66 provides in relevant part: "(a) A decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed in accordance with subsection (c). . . .

"(c) A claim for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision. . . ."

abuse of the civil justice system; and [that it made] a mockery of Connecticut's court annexed arbitration program." Accordingly, pursuant to Practice Book § 14-13,[7] the trial court awarded Morgan attorney's fees of $250 for the April 4 pretrial conference and $250 for the April 11 hearing.

Distasio moved for articulation, requesting that the trial court clarify whether the ruling on attorney's fees

[7] Practice Book § 14-13 provides: "The chief court administrator or the presiding judge with the consent of the chief court administrator may designate one or more available judges or judge trial referees to hold pretrial sessions. Parties and their attorneys shall attend the pretrial session; provided, that when a party against whom a claim is made is insured, an insurance adjuster for such insurance company shall be available by telephone at the time of such pretrial session unless the judge or judge referee, in his or her discretion, requires the attendance of the adjuster at the pretrial. If any person fails to attend or to be available by telephone pursuant to this rule, the judicial authority may make such order as the ends of justice require, which may include the entry of a nonsuit or default against the party failing to comply and an award to the complying party of reasonable attorney's fees. Each party claiming damages or seeking relief of any kind, or such party's attorney, shall obtain from the court clerk a pretrial memo form, shall complete the form before the pretrial session and shall, at the commencement of the pretrial session, distribute copies of the completed form to the judge and to each other party. The following matters shall be considered:

"(1) A discussion of the possibility of settlement.

"(2) Simplification of the issues.

"(3) Amendments to pleadings.

"(4) Admissions of fact, including stipulations of the parties concerning any material matter and admissibility of evidence, particularly photographs, maps, drawings and documents, in order to minimize the time required for trial.

"(5) The limitation of number of expert witnesses.

"(6) Inspection of hospital records and x-ray films.

"(7) Exchange of all medical reports, bills and evidences of special damage which have come into possession of the parties or of counsel since compliance with previous motions for disclosure and production for inspection.

"(8) Scheduling of a trial management conference and issuance of a trial management order by the judicial authority with reference thereto.

"(9) Consideration of alternative dispute resolution options to trial.

"(10) Such other procedures as may aid in the disposition of the case, including the exchange of medical reports, and the like, which come into possession of counsel subsequent to the pretrial session."

was directed at the plaintiff, Distasio or Distasio's counsel. In response, the trial court appointed H. James Pickerstein, an attorney, "as a special master to conduct discovery on behalf of the court and to assist the court in preparing its articulation." The court ordered that the scope of discovery was to include, but not be limited to, the plaintiff's settlement policies and practices as they related to the underlying case, the extent to which Distasio's counsel had participated in the settlement process, and the policies and practices of the court annexed arbitration program and de novo trials.

Distasio moved for appellate review of the trial court's order, arguing that the order did not articulate or clarify the trial court's April 11 decision, as he had requested in the motion for articulation. Distasio further argued that the appointment of a special master to conduct discovery was an improper attempt by the trial court to substitute a new decision or to change the reasoning or basis of the court's April 11 decision.[8] Thereafter, Distasio filed an appeal in the Appellate Court challenging the appointment of the special master.

In the meantime, the plaintiff moved for permission to amend the writ to address the sanction order. The trial court objected to the motion for permission to amend. We granted the plaintiff's motion for permission to amend the writ of error and allowed the parties to file supplemental briefs. Thereafter, the plaintiff filed its amended writ of error, alleging the prior claims and further contending that the trial court improperly had appointed a special master and that the order of discovery was not an articulation but an attempt to find justification, through rectification of the record, of the

---

[8] The Appellate Court did not act on Distasio's motion for review because the trial court's later articulation stated whom the sanctions were against and rescinded the appointment of a special master.

sanctions previously imposed. Thereafter, the trial court amended the order by articulating that the sanction of the attorney's fees was directed to the plaintiff, and it vacated the remainder of the order. In light of the amendment of the order, the additional issues raised in the amended writ of error are now moot. Only the order of sanctions remains in dispute.

The plaintiff claims that the order of sanctions was an improper attempt to coerce and intimidate it into settling the matter, thereby violating its constitutional right to a trial by jury. Specifically, the plaintiff argues that Distasio's assertion of his statutory right to a trial de novo following the court-ordered nonbinding arbitration proceeding preserved his right to a trial by jury guaranteed by the Connecticut constitution, and that a party's decision not to be bound by an arbitrator's decision regarding settlement cannot be the basis for the imposition of sanctions under Practice Book § 14-13.

Conversely, the trial court argues that, because the arbitrator's award of $2450 in damages was a mere $400 more than the plaintiff was originally willing to pay, the plaintiff took a defiant approach to the settlement process that was interpreted by the trial court as being disrespectful to it, harmful to the opposing party and implicitly contemptuous. The trial court further argues that it is within that court's inherent authority to sanction all who appear before it whose actions may be characterized as unfair and in bad faith.

We agree with the plaintiff and conclude that Distasio's exercise of his right to file for a trial de novo after the completion of arbitration proceedings cannot provide the basis for sanctions pursuant to Practice Book § 14-13. Accordingly, we conclude that the trial court abused its discretion when it sanctioned the plaintiff.

First, we address the standard of review. The standard of review with regard to a court's decision to

impose sanctions is an abuse of discretion standard. *Nelson* v. *Housing Authority*, 63 Conn. App. 113, 117, 774 A.2d 1025 (2001). "In reviewing a claim that this discretion has been abused the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Investors Capital Corp.*, 29 Conn. App. 48, 54–55, 613 A.2d 1370, cert. denied, 224 Conn. 902, 615 A.2d 1044 (1992).

We begin with a review of the nonbinding arbitration program. Section 52-549u permits the judges of the Superior Court to refer certain civil actions to an arbitrator for nonbinding arbitration. The arbitrator's decision, however, is not binding on the parties and does not limit either party's access to a trial. *Shelby Mutual Ins. Co.* v. *Bishop, Kirk & Saunders, Inc.*, 13 Conn. App. 189, 193, 535 A.2d 387 (1988). Pursuant to § 52-549z (d) and Practice Book § 23-66 (c), a party that participated in nonbinding arbitration may appeal from the arbitrator's decision by requesting a trial de novo, in which case the arbitrator's decision becomes null and void.

The statutory right to a trial de novo has its underpinnings in the Connecticut constitution. "Article IV of the amendments to the constitution of Connecticut provides, inter alia, that the right of trial by jury shall remain inviolate. It is clear that the right to a jury trial may not be abolished as to causes triable to the jury prior to the constitution of 1818, and extant at the time of its adoption. . . . Nevertheless, such a right may be subjected to reasonable conditions and regulations. . . . The provision by the legislature for an alternative means of dispute resolution through the use of arbitrators to hear cases claimed for jury trial was but part of an effort to alleviate court congestion. . . . The right

to a trial by jury in these cases is preserved inviolate by General Statutes § 52-549z and Practice Book § [23-66]. Each of these sections provides for a claim for a trial de novo within twenty days of the filing of the arbitrator's decision. Once a claim for trial de novo is filed in accordance with the rules, a decision of an arbitrator becomes null and void." (Citations omitted; internal quotation marks omitted.) *Shelby Mutual Ins. Co.* v. *Bishop, Kirk & Saunders, Inc.*, supra, 13 Conn. App. 192–93.

Although both parties to the arbitration have an inviolable right to a trial de novo, that right is subject to reasonable conditions and regulations. See id. Attendance at a pretrial hearing is one such condition. Thus, Practice Book § 14-13 provides in relevant part that "when a party against whom a claim is made is insured, an insurance adjuster for such insurance company shall be available by telephone at the time of such pretrial session unless the judge . . . in his or her discretion, requires the attendance of the adjuster at the pretrial. If any person fails to attend or to be available by telephone pursuant to this rule, the judicial authority may make such order as the ends of justice require, which may include the entry of a nonsuit or default against the party failing to comply and an award to the complying party of reasonable attorney's fees. . . ."

We further recognize, as the trial court claimed, that "[o]ur courts have long been recognized to have an inherent power, independent of any statute, to hold a defendant in contempt of court. . . . The purpose of the contempt power is to enable a court to preserve its dignity and to protect its proceedings." (Citations omitted.) *State* v. *Garvin*, 242 Conn. 296, 306, 699 A.2d 921 (1997). The sanction created by Practice Book § 14-13 and relied upon by the trial court in this case, however, was intended to serve a different function, namely

to ensure the insurer's presence to assist in the settlement of the case.

Public policy favors and encourages the voluntary settlement of civil suits. *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 614, 236 A.2d 466 (1967) ("It is a proper exercise of the judicial office to suggest the expediency and practical value of adjusting differences and compromising and settling suits at law. The efficient administration of the courts is subserved by the ending of disputes without the delay and expense of a trial, and the philosophy or ideal of justice is served in the amicable solution of controversies. Our rules specifically provide for the procedure to be followed in pretrial sessions designed to encourage the settlement of cases."). We view with disfavor, however, all pressure tactics, whether employed directly or indirectly, to coerce settlement by litigants, their counsel and their insurers. The failure to concur with what a trial court may consider an appropriate settlement should not result in the imposition of any retributive sanctions upon a litigant, his or her counsel or his or her insurer. As our sister state, New York, has recognized, "[t]he function of courts is to provide litigants with an opportunity to air their differences at an impartial trial according to law. . . . [The court should not be able] to exert undue pressure on litigants to oblige them to settle their controversies without their day in court." (Citation omitted; internal quotation marks omitted.) *Schunk* v. *Schunk*, 84 App. Div. 2d 904, 905, 446 N.Y.S.2d 672 (1981); *Wolff* v. *Laverne, Inc.*, 17 App. Div. 2d 213, 214, 233 N.Y.S.2d 555 (1962).

We recognize that Practice Book § 14-13 grants the trial court the authority to sanction an insurance company for its failure to attend or be available by telephone at a pretrial session. In this case, however, the plaintiff was not unavailable or otherwise absent from the proceedings. Moreover, its actual presence, through its

agent, Coppa, cannot be transformed into the functional equivalent of an absence, as the trial court ruled,[9] simply because the insurer decided not to abide by the arbitrator's assessment of damages and to insist, as its insured's agent, on the insured's right to a trial.

Although we sympathize with the trial court's concern that merely attending a pretrial conference while refusing, at the same time, to participate meaningfully in the negotiation or settlement process is not within the spirit of the settlement process, the plaintiff's refusal, on the basis of a validly exercised right to a trial de novo, to abide by the arbitrator's nonbinding decision that the plaintiff should pay $400 more than its original offer does not fall within the parameters of sanctionable behavior under § 14-13. To conclude otherwise would undermine the insured's constitutional right to a trial of the claims. Practice Book § 14-13 authorizes the court to use its discretion to require an insurer to be present or available because the insurer's presence might assist in the settlement of the case. Under these circumstances, however, the failure to negotiate is not equivalent to the failure to appear in court. Distasio indicated, by requesting a trial de novo, that he wanted his dispute to be resolved by trial. The plaintiff's rejection of the arbitration award evidences the same preference, in accordance with § 52-549z (d) and Practice Book § 23-66 (c). Accordingly, because Distasio properly exercised his statutory right to a trial de novo and the plaintiff properly complied with the trial court's request to be present at the pretrial hearing, we conclude that the trial court abused its discretion when it imposed sanctions.

---

[9] The trial court stated that "Practice Book § 14-13 empowers the court to award attorney's fees to the other side when one side fails to attend a pretrial hearing. This court deems [the plaintiff's] refusal to participate in a resolution of this case in a reasonable manner as the *functional equivalent* of a failure to attend a pretrial." (Emphasis added.)

The writ of error is granted and the matter is remanded with direction to vacate the order of sanctions.

In this opinion the other justices concurred.