[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiff, United States of America, acting through the Farmer's Home Administration, United States Department of Agriculture, (hereinafter "the plaintiff") has filed a foreclosure action against the defendant, Doreen Carpenter (hereinafter "the defendant"). The plaintiff now moves for summary judgment on the foreclosure action on the ground that there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The defendant objects to the motion for summary judgment and argues that there are issues raised by the defendant's special defenses that render summary judgment inappropriate. For the reasons set forth below, the court grants the plaintiff's motion for summary judgment.
"Historically defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) Fidelity Bank v. Krenisky, 72 Conn. App. 700, 705-06,807 A.2d 968 (2002).
The defendant's special defenses allege, in so far as any rational legal theories are advanced, first, that she "plans to file bankruptcy" and in her later papers she maintains that the plaintiff failed to allow CT Page 2578-ba her to reinstate her mortgage, notwithstanding her failure to reaffirm the debt following bankruptcy. In general, the defendant's varied and rambling allegations are in the nature of claims that the plaintiff is violating its duty of good faith and fair dealing. The defendant's special defenses are without merit. See Fidelity Bank v. Krenisky, supra,72 Conn. App. 716 ("[S]pecial defenses and counterclaims alleging a breach of an implied covenant of good faith and fair dealing . . . are not equitable defenses to a mortgage foreclosure" (internal quotation marks omitted)); see also Lasalle National Bank v. Freshfield Meadows,LLC, 69 Conn. App. 824, 835, 798 A.2d 445 (2002).
The first special defense did operate to stay the proceedings. Peter Laurenza, a specialist from the Rural Housing Service in Amherst, Massachusetts testified that Ms Carpenter's account went "into default to a serious degree as of February 20, 1999." The witness indicated that there were many delays within the Farmer's Home Administration before pressing the case with vigor in January 2002. Subsequently, after the institution of these proceedings, the defendant filed for Chapter 7 Bankruptcy, which effectively stayed the proceedings until her discharge on August 6, 2002. Since the defendant has exhausted her bankruptcy opportunity the defense is no longer available to prevent the plaintiff from proceeding with the foreclosure action.
Second, the special defenses alleged by the defendant do not go to the making, validity or enforcement of the note or mortgage. See FidelityBank v. Krenisky, supra, 72 Conn. App. 705. Several Superior Courts have held that special defenses based on actions of the noteholder during "workout discussions" do not assert any connection with the subject matter of the foreclosure action and do not arise out of the same transaction as the foreclosure action. Thus, special defenses as the ones alleged by the defendant are invalid in that they seek to attack some subsequent act or procedure of the lienholder. See First Federal Savings Loan Association v. Kijanko, Superior Court, judicial district of Waterbury, Docket No. CV 96 134780 (January 6, 1998, Murray, J.); GMACMortgage Corp. v. Nieves, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164925 (January 29, 1999, Tobin, J.); Bank of Boston of Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). "Moreover, it has generally been held that in the absence of a restructure agreement in the loan documents, a failure by the [plaintiff] to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not constitute a breach of the implied covenant of good faith and fair dealing." (Internal quotation marks omitted.) GE Capital Mortgage Services v. Rumbin, Superior Court, judicial district of Ansonia-Milford at Milford, Docket CT Page 2578-bb No. CV 98 0064715 (July 6, 1999, Curran, J.). In this case, the mortgage itself states that any forbearance by the government in exercising any right or remedy shall not be a waiver of or preclude the exercise of such right or remedy. Chistensen v. Cutaia, 211 Conn. 613, 560 A.2d 456
(1989).
Thus, the defendant's remaining special defenses are insufficient as a matter of law and, accordingly, do not create any questions of fact that would prohibit the granting of summary judgment at this time.
The parties will note that this is the second motion for summary judgment granted in favor of the plaintiff. The court is aware that the defendant is doing everything within her means to prevent the foreclosure from concluding, everything that is, except discharging all arrearages. Since the court has been inundated with direct correspondence from the defendant, the court advises the defendant not to write directly to the judge. The defendant may file any pleadings basically consistent with the Practice Book, but she is directed not to write letters to the court. Courts have an inherent right to limit a pro se party's access to the courts as part of its inherent power and constitutional obligation of the court to carry out its functions. Indeed, it has long been recognized that the trial court may use its power of contempt to enable a court to preserve its dignity and to protect its proceedings. Allstate InsuranceCo. v. Mottolese, 261 Conn. 521, 530, 803 A.2d 311 (2002); State v.Garvin, 242 Conn. 296, 306, 699 A.2d 921 (1997). Similarly, the court should not be used as a forum to allow pro se litigants to badger and abuse public servants.[1]
Accordingly, the clerk of the court is instructed to return to the defendant all future correspondence not in the form of proper pleadings.
The plaintiff's motion for summary judgment is granted.
THE COURT,
Foley, J.