[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Ugo Toppo and his wife, Linda Toppo,[1] have brought this action against two defendants, Catalpa Terrace Association, Inc., a condominium association, and C-M-A, Inc., the property manager for this association. The plaintiff alleges that he sustained personal injuries when he fell down certain stairs leading to his unit, but in a common area of Catalpa Terrace, a condominium development in which the plaintiff resided. The plaintiff further alleged that his fall and resulting injuries were caused by the negligence of both defendants in failing to maintain the stairs and entrance way to his unit in a proper and safe manner.
The defendant has moved (#113, #114) for summary judgment, Practice Book § 17-49, on the ground that the plaintiff was very familiar with the area in which he fell and had previously complained about the alleged defects to the defendants.
Thus, according to the defendants, summary judgment is proper because the plaintiff, as a unit owner, was a licensee, and the possessor of land is not liable to a person in that status who knows of the alleged defect.
"[T]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.)Gaynor v. Payne, 261 Conn. 585, 590-91, 803 A.2d 311 (2002). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205,209, 757 A.2d 1059 (2000). CT Page 4113
The defendants were not able to cite any authority for the proposition that a unit owner in a condominium development was a licensee, but the plaintiff cited Maffeo v. Harbour Landing Condominium Association, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 91 0312944 (November 22, 1994, Hodgson, J.) (13 Conn.L.Rptr. 37,1994 WL 669701 (Conn.Super.)). In that case, Judge Hodgson decided that a unit owner in a condominium development "was an invitee as a matter of law." This court agrees with her reasoning and therefore denies the motion for summary judgment filed by the defendants on the basis that the plaintiff was a licensee, rather than an invitee.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of March 2003.
William B. Lewis, Judge T.R.